## BILL v. CITY OF DENVER.

*(Circuit Court, D. Colorado. December 3, 1886.)*

MUNICIPAL CORPORATIONS—LIABILITY ON CONTRACT FOR WORK TO BE PAID FOR BY SPECIAL ASSESSMENT, WHERE NO ASSESSMENT WAS LEVIED.

A city directed the making of a sewer by an ordinance reciting that it was in accordance with a petition of a majority of the property owners, and employed therefor an inspector, who duly performed his services. The cost of the sewer was to be paid by a special assessment. It afterwards transpiring that the petition was not signed by a majority of the property owners, the work was discontinued, and no assessment made. *Held*, that the city was liable on an implied guaranty that the petition was sufficient, and that the assessment would be levied.

On Trial by the Court without a Jury.

*Sam P. Rose*, for plaintiff.

*J. H. Brown*, for defendant.

BREWER, J. This is an action for services. The plaintiff was employed by the city of Denver to act as inspector of sewers, at a stipulated salary. He performed the services, and now brings this action to recover therefor. As I said when this question was before me on demurrer, I have no doubt that the city had the power, under the general provisions of its ordinances, to make a direct contract with this plaintiff for his services, by which contract the city would primarily have been bound.

The contract which in fact was made was for services to be paid out of the assessments for the Twentieth-street sewer; and it is insisted that the city has incurred no general liability by making that contract. The ordinances provide for district sewers, and that the city council shall cause sewers to be constructed in any district whenever a majority of the property holders thereof shall petition therefor, or whenever the board of health recommend the same as necessary for sanitary reasons. It passed an ordinance creating the Twentieth-street sewer district, reciting that it was in accordance with the petition of a majority of the property owners therein. Then, in the second section, the council directed that the sewer be constructed, further provided an appropriation, etc. It went on in pursuance of that ordinance, and did a good deal of work. It seems to have been ascertained thereafter that a majority of the property owners or holders did not petition, and the city abandoned further work. The plaintiff received sewer warrants as the work progressed, which were not paid, there having been no assessment or levy therefor. He brings these warrants into court, and tenders them to the city.

It is insisted, on the part of the city, that its sole liability was the making of an assessment and levy upon this sewer district; and that, if it has failed to discharge that duty, the plaintiff's sole remedy is by *mandamus* proceedings to compel it to proceed therewith. And

familiar cases are cited, in which a party takes a warrant drawn on a particular fund, or makes a contract for services payable out of a particular fund, and his remedy is uniformly limited to that fund; as, for instance, if he takes a warrant from the county payable out of the poor fund, he cannot thereafter insist that the county's general revenues shall be appropriated to that warrant. But I do not think that rule is applicable in this case. The city made the contract, and impliedly it guarantied that it would make a levy upon certain property for the payment of these warrants. It is true that its power to proceed in the premises depended upon the petition of a majority of the property owners; but no tribunal is in terms provided to determine whether such petition has been filed; and, there being no statutory provision for a tribunal to so determine, when the city council, as the general representative of the city, with power to act thereon, determines by its action that such a petition has been filed, third parties have a right to rely upon that, and say that the city is estopped thereafter to deny that such petition was filed.

The city ordered this sewer to be built, and employed the plaintiff to do work on it, and it cannot now turn round and say: "Though I made this contract, I did not have authority, because there was not a petition of a sufficient number of citizens to justify my action." There is no other tribunal, no other body, to pass upon that, so that the action of the council is conclusive upon the city. The plaintiff therefore had a right to rely upon the fact that the city had power to proceed and make this levy; and it comes within those familiar cases in which a city, having contracted for improvements along the line of a street, guarantying impliedly that it will levy and collect taxes upon the abutting lot-owners for the purpose of paying for those improvements, by failing thereafter, when the work is done, to make the levy, becomes personally liable. It stands in the position of an implied guarantor contracting that it will do certain things in order to bring about the payment for those services. Failing to carry out its contract, it renders itself personally liable on the same principle that, when a private individual or a private corporation gives an obligation payable at a certain time in material or services, if, at the time named, it fails to so pay in the material or in the services, the right of the other party becomes then a mere money demand. Here the city contracted it would levy taxes in this district for the purpose of paying him for services. If it had made the levy, a different question might arise. But it did not. It did not perform its contract, and this becomes its personal obligation because it has failed to perform its contract. I have no doubt but that the city is liable.

Judgment for plaintiff.