W. L. HARWELL v. HILLSBOROUGH COUNTY.

149 So. 547.
Opinion Filed July 12, 1933.

*Hampton, Bull & Crom,* for Plaintiff in Error;

*Sutton, Tillman & Reeves,* for Defendant in Error;

*F. P. Fleming,* as *Amicus Curiae.*

PER CURIAM.—The Legislature of 1925 enacted Chapter 10145, Acts of 1925, Laws of Florida, authorizing County Commissioners in counties of not less than 125,000 population, on petition of two-thirds of the abutting property owners outside of a municipality, to pave, grade, or curb any highway in said county and assess the entire cost of such paving, grading, or curbing to the abutting property, in proportion to front footage, such cost to be evidenced by certificates of indebtedness issued by the County Commissioners against each parcel or tract of land separately.

Hillsborough County, the defendant in error herein, entered into a contract with plaintiff in error, W. L. Harwell, by which the latter was to pave a certain road in the county.

The contract was made under the provisions of Chapter 10145, Laws of 1925. Under the contract, and in accordance with the requirements of the statute, plaintiff was to be paid for his work in certificates of indebtedness representing liens upon the abutting property to the extent of the benefit thereto.

It is alleged that plaintiff in error performed his part of the contract and on May 27, 1927, and that the county issued to him certificate of indebtedness in payment for his work.

After the maturity of the first installment due upon the certificates, three owners of abutting property filed suit in equity to restrain the enforcement of the certificates issued against their lots and held by plaintiff, on the ground that the certificates were invalid. Plaintiff and Hillsborough County were made parties defendant to the suit. A demurrer to the bill of complaint was overruled and on appeal that decision affirmed by this Court. Hillsborough County v. Jeffords, 101 Fla. 654, 126 Sou. Rep. 373.

On May 27, 1929, a final decree in the suit was entered by Judge Robles, of the Circuit Court of Hillsborough County, declaring the certificates against the lots owned by complainants to be invalid, canceling them as clouds upon the title to the property, and restraining their enforcement by either of the defendants. The ground upon which the certificates were declared to be invalid was that the petition by the abutting property owners to the county, to have the paving done, was not signed by the owners of two-thirds of the abutting property, as required by Chapter 10145, Laws of 1925. Chapter 12208, Acts of 1927, was an attempt to remove the last mentioned objection by a statutory validation of the certificates.

On April 18, 1930, plaintiff filed a claim against the county for the injury resulting to him by reason of the

county's failure to deliver to him valid certificates of indebtedness against the property owned by the complainants in the equity suit. This claim was rejected by the county, and on April 24, 1930, plaintiff filed this suit to recover from the county the face value of these certificates.

The declaration was in three counts, the first two sounding in tort for the breach of an alleged duty on the part of Hillsborough County to deliver for the work done, valid statutory certificates enforceable against the abutting properties for the recovery of the cost of the work done and materials furnished. The third count of the declaration purported to be one in assumpsit based upon an implied contract to pay on a *quantum meruit* basis for the work actually done for which the county obtained a county benefit.

Defendant Hillsborough County demurred to the declaration and its demurrer was sustained by the Circuit Judge. Final judgment for defendant was entered on this demurrer and plaintiff below has sued out writ of error to this Court from the final judgment thus entered.

The law is well settled in this State that recovery cannot be had against a county in a tort action such as purported to be set up in the first two counts of the declaration, so the county's demurrer to those counts was properly sustained. Keggin v. Hillsborough County, 71 Fla. 356, 71 Sou. Rep. 372; Arundel Corporation v. Griffin, 89 Fla. 128, 103 Sou. Rep 422.

As to the third count of the declaration, a majority of the Court are of the opinion that the Circuit Judge properly sustained a demurrer to that count because of the apparent repugnancy in its allegations as to whether it purported to set up a *quantum meruit* claim for recovery of the value of the work, labor and materials furnished, or purported to rely on an implied promise to pay the face amount of the certificates of indebtedness *per se,* as on an

implied liability for the amount represented by the face amount of such certificates in view of the other circumstances alleged.

The Circuit Judge did not state upon what particular grounds, if any, he sustained the demurrer to the third count, although a statute requires him to do so. See Section 4310 C. G. L., 2644 R. G. S. We must therefore assume that he sustained the demurrer on the broad ground that no liability whatsoever could be legally deducted on any theory from the allegations of this third count.

A majority of the Court hold that under the authorities hereinafter cited where a county enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms, and the county has acknowledged its indebtedness under the contract by issuing its certificates of indebtedness to pay for the work done and materials furnished, and is actually enjoying the fruits of the contractor's expenditures for labor and material, which expenditures were made in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a *quantum meruit* basis for the value of the work done and materials furnished to and accepted by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work done under the express contract. Lainhart v. Burr, 49 Fla. 315, 38 Sou. Rep. 711; Bill v. City of Denver, 29 Fed. 344; City of Louisville v. Hyatt, 2 B. Monroe (Ky.) 177; Sleeper v. Bullen, 6 Kan. 300.; Beard v. City of Brooklyn, 31 Barb. (N. Y.) 142, text 150; Commercial National Bank v. City of Portland, 24 Ore. 188, 33 Pac. Rep. 532; Reilly v. City of Albany, 112 N. Y. 30, text 42,

19 N. E. Rep. 508; Barber Asphalt Paving Co. v. City of Harrisburg, 64 Fed. 283; City Chicago v. People *ex rel.* Norton, 56 Ill. 327, text 334; Barber Asphalt Paving Co. v. City of Denver, 72 Fed. 336; City of Leavenworth v. Mills, 6 Kan. 288; Argenti v. City of San Francisco, 16 Cal. 256, 281, 283, and many others.

This Court approves the rule followed in the cases just cited. Cases apparently to the contrary will be found to be decisions involving contracts void because of a positive constitutional debt limit or inhibition, or on contracts void because of an utter lack of corporate power to make them. This case presents no such question, because under the general laws of this State (Sections 1588 and 1601 R. G. S., 2436 and 2449 C. G. L.) county commissioners are possessed of plenary power to establish, grade, change, or construct for, the improvement of roads and bridges. See Vol. 4, Section 1945, McQuillan Municipal Corporations, for the circumstances under which there can be a recovery on a *quantum meruit* in cases like this.

So while the demurrer was properly sustained to the third count in its present form, as well as to the other two counts, we think the third count possibly amendable to remove the objections we have found in it, therefore we follow the precedent laid down in an analogous situation (Kelly v. Board of Public Instruction for Baker County, 105 Fla. 398, 141 Sou. Rep. 311) and reverse the judgment as to the third count, and remand the cause with leave to amend and have further proceedings according to law in the premises, the time and order of further pleadings by the parties to be fixed by the court below upon the filing there of our mandate hereon.

Reversed and remanded as to third count of declaration, with directions for further proceedings.

Davis, C. J., and Whitfield, Terrell and Brown, J. J., concur.

Buford, J., concurs specially.

Buford, J. (concurring specially).—I agree with the majority opinion as far as it goes, but I do not think that it is apparent that the claim sued on in the third count of plaintiff's declaration was audited and determined as being correct by the board of county commissioners.

The claim audited by the board of county commissioners as now appears from the record was the claim of plaintiff for pay under a contract and was not a claim for the value of work and materials for which recovery could be had in assumpsit. If the plaintiff may recover in this case the recovery must be for the value of the work and materials furnished, and not for the *contract* price.

So far as the record shows, there has never been any claim presented to Hillsborough County for the value of the work done and materials furnished and it appears to me that Section 2941 R. G. S., 4665 C. G. L., applies to the claim of the plaintiff and that to recover he must show that the claim for the value of work and materials was presented to the board of county commissioners within the period prescribed by statute and that it will not suffice to say and prove that he presented some other sort of claim representing the amount which he claimed to be due to him under a contract, regardless of the value of the work and materials.

Ellis, J., concurs.