HILLSBOROUGH COUNTY (Woodmont Avenue), Plaintiff in Error, v. HIGHWAY ENGINEERING AND CONSTRUCTION COMPANY, Defendant in Error.

199 So. 499

En Banc

Opinion Filed November 22, 1940

Rehearing Denied January 15, 1941

*John W. Cone, Henry C. Tillman* and *W. F. Himes,* for Plaintiff in Error;

*Knight & Thompson, John Bell, Bedell & Bedell* and *George C. Bedell,* for Defendant in Error;

*F. P. Fleming* and *J. S. Diver,* as *Amici Curiae.*

THOMAS, J.—Two companion cases are here for our consideration, this one involving Woodmont Avenue, and the other Henderson Boulevard, both situate in Hillsborough County.

In October, 1937, the chancellor entered his order transferring this cause from the chancery to the common law court in obedience to the mandate of this Court, issued in the case of Highway Engineering and Construction Company, Inc., a corporation, appellant, v. Hillsborough County, Florida, appellee, 129 Fla. 106, 176 So. 76, which reversed the judgment of the court on authority of and under the same conditions set out in Gulf Life Insurance Company v. Hillsborough County, 129 Fla. 98, 176 So. 72, where appellant was given the privilege to ". . . reform or recast its pleadings so that the issues (might) be made up and the cause proceed to judgment consistent with the views as expressed . . ." in that opinion. The claim of the plaintiff in error, as originally set out in the bill of complaint reviewed on the former appeal, was for a balance of $4,181.05, sought in exchange for the surrender of certain certificates delivered by the defendant in error to cover the cost of paving Woodmont Avenue. Basis for this claim, as reflected in the bill of complaint, was that in the year 1925 the county entered into a contract with the engineering company whereby the latter was to furnish all labor and materials necessary to the grading, paving and improving of the street, and in return therefor, receive certificates of indebtedness, dated May 14, 1926, to cover the cost amount-

ing to 14,735.23; that the contract was entirely performed by the engineering company, and the certificates delivered by the county as agreed; that the certificates were issued under Chapter 9316, Laws of Florida, Acts of 1923; and that at the time of the contract the chapter authorizing the indebtedness had been declared constitutional in Earle G. Moore v. Hillsborough County, *et al.,* 86 Fla. 514, 98 So. 505. It was further alleged that eventually $10,554.18 was paid on the certificates, reducing the amount due to $4,181.05; that thereafter, on August 2, 1933, it was determined by the Supreme Court of Florida that Chapter 9316, *supra,* was not properly passed by the Legislature, was therefore void. Hillsborough County, *et al.,* v. Temple Terrace Assets Co., Inc., 111 Fla. 368, 149 So. 473.

Following the order of the Chancellor, founded on the mandate of the Supreme Court, an amended declaration was filed seeking recovery of the balance we have stated on a *quantum meruit* basis. Upon the issues joined the trial proceeded and at its conclusion the court granted a motion of the plaintiff for an instructed verdict in its favor for $2,635.72.

To dispose of the questions posed by the plaintiff in error, it does not appear necessary to analyze the pleas, replications and rejoinders.

It is first complained that the court infringed on the province of the jury in instructing a verdict in favor of the plaintiff · inasmuch as the action was not founded upon a bond, note or express contract for the payment of a certain sum, the amount claimed to be due was never admitted or liquidated, therefore, the propriety of the plaintiff's claim and the amount of his recovery, if any, should have been left to the determination of the jury. While it is true that "The proper practice in an action at law, where testimony is necessary for the ascertainment of damages, is to have

the same assessed by a jury" (Parker v. Dekle, 46 Fla. 452, 35 So. 4) there is no invasion by a court of the province of the jury if, after hearing all of the testimony in the case, there .is uncontradicted evidence to support the plaintiff's position, and any other verdict rendered would, in his opinion of the controlling law, have to be set aside upon motion for new trial. It is likewise sound procedure for the judge to charge the jury the amount the verdict should recite, if it is shown by competent and uncontradicted evidence. Our study of the manner in which the accounts were kept by the defendant in error, and preciseness with which the .costs of the improvement of the street were determined, and our conviction that the plaintiff in error failed to show discrepancy in the items or to impeach the testimony of their correctness, convinces us that the judge was justified when he decided the plaintiff should recover, which we will discuss later in this opinion, in going further and telling the jury the amount of that recovery. In this case, if the testimony is studied in the light of the former decisions of the court, to which we have referred, and the pleadings about which the evidence was woven, it leads to the inevitable conclusion that the plaintiff was relegated to his remedy in the common-law court for recovery on a *quantum meruit* basis, and that it established the fair price of the materials it furnished and the labor it performed in the construction of the paving, in accordance with the specifications and the contract, and that any other verdict in any other amount would hardly have conformed to the pleadings, the proof and the prior decisions of this Court.

Next it was said that the measure of the plaintiff's recovery was the reasonable value of the labor performed and the market value of the materials furnished. It would be difficult to conceive of a fairer method of computing the actual cost of the labor and materials than that described

in the testimony presented in this case. Comprehensive data were given of the various items and the manner of allocating the proportionate share to this particular street in a subdivision where it and forty-three others were improved. It was established, without contradiction, that total amounts of sand, asphalt, dust, grading and overhead expense were figured on a yardage basis, and it seems but practical that in this fashion the proportionate cost of the improvement of the particular street with which we are dealing was necessarily less than had it been the only one improved, for it is obvious that in this manner the pro rata share of overhead expense would be considerably less in a project involving the improvement of forty-four streets than had but one been under construction, and that there would be an advantage, too, because of the lower proportionate cost of materials purchased in large quantities.

An attempt was made on the part of the plaintiff in error to inject into the cause the matter of estoppel on the part of property owners, and we are asked the question, whether they were estopped to question the validity of assessments because of the unconstitutionality of the statute under which the county was proceeding, where they knew that the county had contracted for the road improvement and that the entire cost would be assessed against the abutting property and certificates issued in payment of the improvement.

We are not able to see the relevancy of that doctrine to this litigation. The county may not, in this suit against it by the contractor, resort to the defense of estoppel which might be available to it in a controversy with the property owners who are not parties here. An estoppel even if applicable in a suit between the county and the property owners, certainly could not be invoked here where the latter are not parties. This is not an action based on the certificates which were held invalid. The court gave the

contractor the opportunity to renew his quest for relief on the basis of the merit of the work done and the materials furnished. This action is entirely beside one on the certificates. As stated in Webb v. Hillsborough County, 128 Fla. 471, 175 So. 874, the rule theretofore announced (Harwell v. Hillsborough County, 111 Fla. 361, 149 So. 547) that recovery might be obtained despite the invalidity of the certificates evidencing the debt, is not based on the contract or the certificates, but upon the expenditure of labor and materials by the construction contractor on a public project the county was authorized to have made and the fruits of which improvement the public was enjoying. For these reasons we fail to see how the position of the property owner in his failure to challenge the validity of the certificates, after so many years had passed, could possibly have been available to the plaintiff in error in this suit.

The defendant attempted to present the defense to each count of the declaration that the certificates delivered to the plaintiff were validated and made effective assessments by Chapter 12207, Acts of 1927, and a demurrer to the pleas was sustained. This action on the part of the trial court is assigned as error. An examination of the opinion in the case of Hillsborough County, et al., v. Temple Terrace Assets Co., Inc., *supra,* will disclose this language:

"The bill as passed by the House and approved by the Governor and published as a statute according to the Senate Journal was never passed by that body, and, therefore, never became a law."

In discussing this very validating statute, 12207, the Court pointed out that if Chapter 9316 ". . . was never a law then there was never any authority vested in the board of county commissioners to place the burden of the assessment on the property involved and as the power and authority

to place this burden on the property was one extraordinary in its nature and entirely beyond the authority of the board of county commissioners unless authorized thereunto by legislative enactment, it was not competent for the Legislature to assume to ratify and confirm such Act by a mere reference to the invalid statute and by the use of such general language as was used in these so-called validating Acts when done and performed without any authority of law therefor."

In applying this litigation the rule announced by the Court in Hillsborough County, *et al.,* v. Temple Terrace Assets Company, Inc., *supra,* construing the effect of Chapter 12207, upon Chapter 9316, we are not unmindful of the decision of this Court appearing in Webb, *et al.,* v. Scott, 129 Fla. 111, 176 So. 442, and the construction placed upon the latter by the circuit court of appeals in the case of Hillsborough County v. Highway Engineering & Construction Company, 94 Fed. (2d) 419. In all respects relevant to the present litigation, the effect of Chapters 12207 and 12208 were the same, one attempting to validate acts performed by boards of county commissioners under Chapter 9316, and the other to ratify acts of boards of county commissioners performed under Chapter 10145. The infirmity of Chapter 9316 lay in the failure of the Senate to pass it, while the unconstitutionality of Chapter 10145 was based on absence in its provisions for notice and hearing.

The Court has heretofore decided that Chapter 12208 validated the acts performed under Chapter 10145, but that Chapter 12207 did not ratify acts committed under Chapter 9316. Inasmuch as the Court is committed to the rule announced in the unanimous opinion in Hillsborough County, *et al.,* v. Temple Terrace Assets Company, Inc., *supra,* with reference to the particular Act, Chapter 9316, under which the certificates involved in this litigation were issued, and

is not inclined at this time to depart therefrom, notwithstanding the almost similar situation set out in Webb v. Scott, *supra,* the rule of the circuit judge on demurrer to the pleas presenting the validation of the assessments will not be disturbed.

Parenthetically, the writer feels, however, that the difference between the facts appearing in Webb v. Scott, *supra,* and those in Hillsborough County, *et al.,* v. Temple Terrace Assets Company, Inc., *supra,* does not justify the application of different principles of law, and that the construction placed by the court on the effectiveness of the validation Act No. 12208, should likewise be given the validation Act, No. 12207. Thus, the decisions of the Federal Court in Hillsborough County v. Highway Engineering & Construction Company, *supra,* and of this Court in Webb v. Scott, and Smith Brothers v. Williams, 100 Fla. 642, 126 So. 367, would be harmonized.

Emphasis has been placed upon the small present value of the improved street to the highway system of Hillsborough County.

It is not a matter of the amount of use of these improvements. ". . . The character of a road, as to whether or not it is public or private, is determined by the extent of the right to use it, and not by the extent to which that right is exercised. If all the people have a right to use it, it is a public way, although the number who have occasion to exercise the right is very small." Phelps v. Dockins (Mo. App.), 234 S. W. 1022.

The public character of the road known as Woodmont Avenue cannot be successfully questioned. That the use of it is little instead of much is evidently chargeable to the collapse of the inflation of 1925, and not to any misdeed or shortcoming of the county commissioners, or the parties with whom they dealt. As we see the matter, it is not a

question of the amount of use of the paved area, but whether it was in fact of a nature that gave the commissioners of the plaintiff in error the authority to have it paved. The resultant non-use or little-use of it could certainly not be charged to the defendant in error who, according to the record, dealt openly and fairly in the execution of the contract it was obligated to perform.

The last question with which we find it necessary to deal at the request of the plaintiff in error is the one whether the plaintiff may recover where, as it is stated by the plaintiff in error in its brief, "The county and its officers were without authority of law to contract and pay for the labor and materials sued for, and were prohibited by law from so doing."

The question assumes that there was no authority on the part of the board, and further, that they were prohibited by statutory enactment. With this we cannot agree. In the case of State *ex rel.* White, *et al.,* v. MacGibbon, *et al.,* 79 Fla. 132, 84 So. 91, it was written that "Under our statutes the boards of county commissioners are given plenary power and authority over the location, building, repairing and keeping in order the public roads in their respective counties, and it is made one of their continuous duties so to locate, build, repair and keep said roads in good order."

It is clear from the record that the Board of County Commissioners of Hillsborough County dealt with Wood-mont Avenue as a public road, and undertook in their capacity as supervisors of the roads of the county to have it improved. The county engineer acting for them staked the street out and conferred wtih the prospective contractors about the kind of material best suited to the project. When the work was completed the board adopted a resolution

accepting the improvement as having been done in accordance with the contract.

In its attempt to procure a reversal of the judgment, plaintiff in error has argued the small value of the improved street to its highway system and its citizens. There is nothing in the record to suggest even that the dealings on the part of the commissioners in the discharge of their responsibility, or their transactions with the defendant in error in this case, were upon any but the highest plane, nor is there any intimation that the defendant in error was unethical in the slightest degree, employed as it was by men who had authority to act, in discharging the obligations of that employment in a manner above criticism. Scrutiny of the record shows that defendant in error had reason and right to believe that in dealing with the board of county commissioners in the construction of this road the power of the board was beyond question.

This case is typical of many which have appeared in the courts since the financial debacle of 1926 and, as has not been unusual in others, we are faced with the practical burdensomeness of debts incurred to meet an expansion that did not materialize. The over-improvement of the lush years of 1924 and 1925 has left in its wake many obligations difficult, if not downright impossible, to carry, but the question here seems, whether after fifteen years have passed, and under the circumstances developed, the plaintiff in error should find relief by denial to its adversary of recovery for work performed and materials furnished in good faith at the behest of the county commissioners when results of the enterprise proved disappointing, not because of any lack of good faith or efficiency on the part of the contractor, but because of circumstances for which neither of the contracting parties was responsible.

We decide the points raised by the plaintiff in error against

it and now proceed to those presented by the cross assignments of error.

It will be noted in the discussion of the assignments of error of the plaintiff in error, that there was a discrepancy between the amount claimed to be due and the sum appearing in the verdict of the jury. It is said that the amount eventually found by the jury represented approximately twenty-five per cent of the cost of grading, paving and curbing of Woodmont Avenue, as represented by the certificates originally delivered to the contractor, and after the elimination of a certain certificate, numbered 4223 (of the face value of $552.15), described in defendant's special additional plea number one, held sufficient against a demurrer to it by the defendant. Gist of this defense was that this particular certificate had never been cancelled or held invalid, has continued enforceable, and that at the time of its issuance and ever since, the owner of the assessed premises described in it was estopped from challenging its validity, and that it constituted a lien against the property upon which it was intended to be an encumbrance. The propriety of the court's action in allowing this defense to stand, and the correctness of the form of the judgment providing for its satisfaction from Hillsborough County and the *de facto* road district of the county, are challenged by the defendant in error. For the purpose of clarifying what we will have to say in regard to the position of the defendant in error in this respect, we quote that part of the judgment which is the basis of its challenge. It was ordered that the plaintiff ". . . do have and recover of and from Hillsborough County, Florida, a political subdivision of the State of Florida, the sum of Two Thousand Six Hundred Thirty-five and 72/100ths Dollars ($2,635.72), together with its costs of suit in this behalf expended, which are hereby taxed in the sum of $59.20, to be made out of

and paid by said Hillsborough County and the *de facto* road district in said Hillsborough County comprised of the real estate which abutted upon Woodmont Avenue from Ridgedale Road to Inverness Avenue as heretofore graded, paved and curbed under the provisions of Chapter 9316 of the Laws of Florida of 1923, but in such proportions as shall hereafter be adjudicated by the Chancellor upon a bill in equity filed for such purposes, but no portion of said judgment adjudicated as payable by said *de facto* road district shall be imposed or enforced against any property comprising said road district which has heretofore been assessed in compliance with the provisions of Chapter 9316 for its portion of the cost of said improvement and which said assessment has heretofore been paid in full."

Obviously, the circuit judge in entering the judgment in the form we have given followed faithfully what was said in the opinion on rehearing in the case of Webb v. Hillsborough County, Florida, 128 Fla. 471, 175 So. 874. It was there written by Mr. Justice TERRELL that a majority of the Court had concluded that Chapter 9316 "created a *de facto* district which with the county" was liable on a *quantum meruit* basis for the payment of the certificates, proportioned as the chancellor might determine under the existing facts. In the latter part of that decision it was said that the writer did not agree to the part of the opinion (on rehearing) apportioning the cost between the abutting owners and the county, and that he felt the county commissioners were representing the county when the contract was made and that when the Section 9316 was declared invalid, it was no longer to be considered, wherefore, the plaintiffs in error became possessed of a right based in equity and law to enforce an obligation against the county. In this view, Mr. Justice BUFORD agreed. Mr. Justice BROWN dissented both in the original hearing and rehearing.

Mr. Justice WHITFIELD did not participate in the latter, and Messrs. Justices CHAPMAN and ELLIS concurred with the opinion prepared by Mr. Justice TERRELL purportedly expressing the view of a majority of the Court. The writer of this opinion concurs with the conviction expressed by Messrs. Justices TERRELL and BUFORD, and feels that there is no obligation to follow the opinion on rehearing in the case of Webb v. Hillsborough County because an examination of the disposition of the case discloses that the expressions therein were not in fact those of a majority of the Court.

From reading the original opinion in Webb v. Hillsborough County, Florida, *supra,* it is clear that a majority of the Court did agree that in the circumstances of the case with which they then dealt, and of which we are treating now, there was an obligation on the part of the county to pay the reasonable cost of labor and materials furnished in the construction on a *quantum meruit* basis, and the whole trend of the Court's decision was that the obligation was one of the county. So we decide now, that in the instant case the County of Hillsborough became obligated to restore the parties to *status quo,* the county being in possession of and enjoying an improvement to its road system created at the expense of the contractor, who with the approval of the county commissioners, performed the task with which it was entrusted. Restoration of this status can be made only by the payment to the contractor by the county of the reasonable value of the work performed and materials furnished.

The relationship between the property owners and the county, and any contribution the former should make to the latter, is beside the controversy between the county and the contractor. Feeling thus, we are forced to the conclusion that there was error in allowing the special first

plea to stand, and in the provision of the judgment for collection of it from not only the county, but also from the so-called *de facto* road district within the county.

The remaining question presented for our consideration is the one whether the defendant in error should have been allowed interest on the money found to be due it by the plaintiff in error. This seems to be fully answered by a decision of this Court in Duval County v. Charleston Engineering and Contracting Company, 101 Fla. 341, 134 So. 509, where it was stated as a general rule that in the absence of statute or express contract, there was no liability of the county for interest on its obligation. This action not being based on contract, and there being no applicable statute providing for the payment of interest, the contention of the defendant in error for the inclusion of this item in its judgment is not well founded.

Summarizing, it is the order of this Court that the judgment of the circuit court be reversed because of the ruling on the demurrer to the first additional plea, and because of the provision in the final judgment providing for satisfaction from the property situated in the *de facto* road district, consequently, judgment should be entered against the plaintiff in error for the amount of the verdict.

It is so ordered.

TERRELL, C. J., and CHAPMAN, J., concur.

BUFORD, J., concurs specially.

BROWN, J., dissents.

WHITFIELD, J., disqualified.

BUFORD, J. (concurring).—Because of the statement contained in the opinion prepared by Mr. Justice THOMAS, viz.: "Parenthetically, the writer feels, however, that the difference between the facts appearing in Webb v. Scott, *supra,* and those in Hillsborough County, *et al.,* v. Temple Terrace

Assets Company, Inc., *supra*, does not justify the application of different principles of law, and that the construction placed by the Court on the effectiveness of the validation Act No. 12208 should likewise be given the validation Act No. 12207. Thus, the decisions of the Federal Court in Hillsborough County v. Highway Engineering and Construction Company, *supra*, and of this Court in Webb v. Scott, and Smith Brothers v. Williams, 100 Fla. 642, 126 Sou. 367, would be harmonized", I am impelled to here state that I conceive to be the reason which causes us to give effect to Chapter 12208, Acts of 1927, to validate the proceedings of the board of county commissioners taken pursuant to Chapter 10145, Acts of 1925, while not giving effect to Chapter 12207, Acts of 1927, to validate acts of the board of county commissioners *assumed* to be taken under authority of Chapter 9316, Acts of 1923.

The effect of our holding in Hillsborough County v. Temple Terrace Estates is that where a purported statute was never enacted by the Legislature, and therefore was never a legislative enactment, the Legislature cannot make effective the provisions of the purported Act by the passage of a subsequent Act which attempts to validate acts done under supposed authority of the purported Act by mere reference to the erroneously supposed legislative Act.

In the Temple Terrace case we found that Chapter 9316 had never been a legislative Act. It constituted no authority for any act by the county commissioners and, therefore, when Chapter 12207 attempted to validate proceedings taken under provisions of Chapter 9316 merely by reference to that Act, it was not effectual to validate anything. The desired end could have been attained by an Act validating all proceedings and the results thereof wherein certain procedure set out and described in the validating Act had been theretofore indulged and followed.

In the Scott case we had under consideration Chapter 10145, Acts of 1925, and Chapter 12208, Acts of 1927. Chapter 10145 was a legislative Act but had infirmities which required its being held ineffective because of not providing notice necessary to due process of law. Chapter 12208 validated the proceedings and results of procedure indulged and taken by the board of county commissioners under the former legislative Act.

Chapter 9316 was not a legislative Act; it has no life or verity.

Chapter 10145 was a legislative Act but was invalid to accomplish its purpose. Acts attempted under it could be ratified by reference to it.

In People v. Goldtree, 44 Cal. 323, it is said: "We think it may safely be laid down as a rule in these matters, that whenever the officer had no power or jurisdiction to do the act in question, and not that in its performance he did not pursue the law in respect to time, mode or some other particular, the Act is void, and subsequent legislation can not cure the defect." See also Horton v. Kyle, et al., 81 Fla. 274, text 285, 88 Sou. 757; Globe Indemnity Co. v. Barnes (Tex. Civ. App.), 28 S. W. 275.

It, therefore, follows that there is no inconsistency between the holdings of this Court as reflected in its several opinions, supra, and the holdings in the instant case are in harmony with our former opinions.