**STRANAHAN, HARRIS & COMPANY, a corporation organized and existing under the laws of the State of Ohio, v. HILLSBOROUGH COUNTY, a political subdivision of the State of Florida.**

18 So. (2nd) 789                                           June Term, 1944
July 7, 1944                                                      En Banc
Rehearing denied September 8, 1944

*Frank T. Phillips* and *C. Edmund Worth,* for appellant.

*John M. Alison* and *W. F. Himes,* for appellee.

TERRELL, J.:

Appellant is the owner of paving certificates issued by Hillsborough County pursuant to Chapter 10145, Acts of 1925. It filed claim with the county commissioners July 11, 1934, requesting payment of the certificates and two years later, July 11, 1936, instituted this suit against the county seeking to recover an quantum meruit for labor and materials furnished the County, relying on the law announced in Harwell v. Hillsborough County, 111 Fla. 361, 149 So. 547.

The declaration was amended, pleas were filed, and the cause was heard on demurrer to the pleas, the demurrer being overruled. Appellant then filed an amended replication to said pleas wherein it asserted its right to recover under Section 16, Article IX of the Constitution effective January 1, 1943, also Chapters 20300, 20301, 20302, 20303, 20648 and 20946, Acts of 1941, all being amendments to Chapter 14486, Acts of 1929, and Chapter 15659, Acts of 1931. To this replication, appellee filed a demurrer and a rejoinder traversing the replication. The latter demurrer was sustained on the theory that the replication constituted a departure in pleading. The rejoinder was then stricken on the theory that it was rendered useless by the order sustaining the demurrer. Motion to amend the replication was overruled and a pretrial conference was ordered. Both the original and amended declaration were in three counts, counts one and two being special counts and count three being the common count for money payable by defendant to the plaintiff for work done and materials furnished. At the pretrial conference, it was shown that the liability sued on in the first, second, and third counts of the declaration became a question of law supported by admitted facts. The trial court found that the plaintiff could not recover on the case made by the declaration and entered final judgment for the defendant from which this appeal is prosecuted.

Twelve questions are urged here but they all turn on the point of whether or not appellant is entitled to recover on a quantum meruit under Harwell v. Hillsborough County, 111 Fla. 361, 149 So. 547; Webb v. Scott, 129 Fla. 111, 176 So. 442; and Hillsborough County v. Highway Engineering & Construction Company, 145 Fla. 83, 199 So. 499, and to what extent recovery is aided by Section 16, Article IX of the Constitution, effective January 1, 1943, if any.

The law enunciated in Harwell v. Hillsborough County, supra, on which appellant relies for recovery is as follows:

"Where a County enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms, and the county has acknowledged its indebtedness under the contract by issuing its *certificates of indebtedness* to pay for the work done and materials furnished, and is actually enjoying the fruits of the contractor's exenditures for labor and material, which expenditures were made "in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a quantum meruit basis for the value of the work done and materials furnished to and accepted by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work done under express contract."

By the record before us, we conclude that every condition set up in the law as thus quoted was present in the case at bar, that the roads in question were constructed, that the county is actually using them and has not paid for them, that the County was authorized to construct them and that the labor and materials for which payment is being sought were furnished in good faith and have not been paid for. Appellee says that appellant cannot recover because (1) appellant was limited to quantum meruit for labor and materials furnished as contended in its original declaration and that when it asserted by amended replication a right to recover under Section 16, Article IX of the Constitution, it

interposed a new and different cause of action that was not in existence when the declaration was first filed, (2) Appellant was not the original holder of the certificates in question, that they were not issued until eight days after the effective date of Chapter 12208, Acts of 1927, and that the holders were not entitled to recover attorneys' fees in addition to principal and interest and (3) Appellant's claim was barred by the statute of limitations.

In sustaining the demurrer to the third count of the declaration and to the amended replication to the pleas, the trial court upheld this view but we think he was in error. The adoption of Section 16, Article IX of the Constitution did not provide a new cause of action, the raising of which by amended replication would constitue a departure in pleading. In our view, the adoption of Section 16, Article IX of the Constitution, merely provided a new source of revenue to take care of existing obligations and could have been made available by an amended declaration or by new replication. It would have been more consistent with good pleading to have treated the amended replication as an amendment to the declaration. The trial court had ample authority at the pre-trial conference to permit amendment of the pleadings to embrace defenses or causes accruing after suit was instituted when made available for the purpose shown in this case.

In answer to the contention that the county is not liable to appellant, a subsequent holder of the certificates in question we think this argument is refuted by the terms of Sections Three, Five and Six of Chapter 10145, the Act under which they were issued including the general purpose of the Act. The certificates as issued bear all the indicia of negotiable paper, are payable to the bearer and were so treated. The doctrine of Harwell v. Hillsborough County, supra; Webb v. Scott, supra, and Hillsborough County v. Highway Engineering and Construction Co., supra, and cases cited would seem to conclude the point.

On the asserted point that recovery on the certificates is barred by the statute of limitations, we may say as we did in Gulf Life Insurance Company v. Hillsborough County, 129

Fla. 98, 176 So. 72, that this is not a case where a debt limit or an organic inhibition on the county is involved. It is a case where county officers acted pursuant to statute subsequently held to be invalid. The law affords protection to those relying on such statutes. The claim here was filed July 11, 1934, and the instant suit was filed July 11, 1936. Gulf Life Insurance Co. v. Hillsborough County announcing the law on this point was decided September 30, 1935, and rehearing was denied September 15, 1937. In other words, the claim was filed within three years of Harwell v. Hillsborough County, supra, so we find no basis for the contention that appellant let the statute of limitations run against it. We do not think, in other words, that any cause of action arose by virtue of Section 16, Article IX of the Constitution. The cause of action arose under the doctrine of Harwell v. Hillsborough County or by reason of the facts therein stated. If Section 16 of Article IX of the Constitution and the related acts was the basis for recovery, then a new cause of action could be pleaded and a departure in pleading invoked.

This holding squares with State v. Special Road and Bridge District Number 9 of Polk County, 153 Fla. 44, 13 So. (2nd) 801, wherein we considered and set out the purpose of Section 16, Article IX of the Constitution. See also State v. Orange County, 153 Fla. 43, 13 So. (2nd) 805. Under the holdings of these cases, if the bonds were issued prior to July 1, 1931, and in other respects meet the requirements of Harwell v. Hillsborough County, supra, as herein stated, that is sufficient.

We therefore conclude that the plaintiff was entitled to recover on a quantum meruit to the extent and in the manner authorized by Harwell v. Hillsborough County, supra, Webb v. Scott, supra, and Hillborough County v. Highway Engineering and Construction Company, supra, that said certificates are not barred by the statute of limitations and that Section 16, Article IX of the Constitution, afforded additional support for appellant's claim.

Reversed.

BUFORD, C. J., CHAPMAN, ADAMS and SEBRING, JJ., concur.

BROWN and THOMAS, JJ., concur with opinion.

BROWN, J., concurring:

I concur in all that is said in this opinion except as to the action of the court in sustaining the demurrer to plaintiff's special replication. I do not think the court below erred in this particular; and, if so, it was harmless error for as Mr. Justice TERRELL well says, plaintiff was entitled to recover under its declaration on the doctrine laid down in Harwell v. Hillsborough County, and the recent constitutional amendment (Sec. 16, Art. IX) afforded plaintiff no new cause of action. I concur also in the judgment of reversal.

THOMAS, J., concurs.