STATE OF FLORIDA, ex rel., D. A. HESTER v. STATE BOARD OF ADMINISTRATION, a body corporate under the Constitution

30 So. (2nd 356                                    January Term, 1947
February 4, 1947                                            En Banc
Opinion on Rehearing April 29, 1947.

. *Robert J. Pleus,* and *Joseph P. Lea, Jr.,* for relator.

*John T. Wigginton,* for respondent.

*Tillman & Henderson, Arthur L. Anderson* and *John M. Allison,* as amicus curiae.

BARNS, J.:

The matter is before this Court upon respondent's motion to quash relator's amended alternative writ of mandamus.

Relator says he is holder of certificates of indebtedness issued pursuant to Chapter 10145, Acts 1925, which have not been paid and seeks by these proceedings in mandamus to coerce respondent to set up on its books relator's certificates as being entitled to participate in the Second Gas Tax.

The validity of this Act (and the measure of compliance with provisions of the Act by the County) have been before this Court as reflected by our prior decisions.

When issued, certificates such as the one in litigation here, contemplated (1) that the property owner would pay in five annual installments the face of the certificate with interest to

the county; (2) that the county would on presentation of a coupon attached to the certificate pay to the bearer, each installment as it became due; (3) that the payments to be made in (2) would be paid out of the proceeds of collections from the property-owner. The certificates did not in terms or by intendment require the county to provide any fund for payment, from general taxation or otherwise, except that stated in (2) above.

The act authorizing the issuance of these certificates was declared inoperative: Smith Bros. v. Williams, 131 So. 335, 100 Fla. 660; Webb v. Scott, 176 So. 442, 129 Fla. 111.

Chapter 12208, Laws of Florida, 1927 attempted to validate the certificates. The Court in construing this Act, held that it constituted in and of itself a legislative assessment against the property improved, and permitted holders of certificates to foreclose against the abutting property described in the certificate, U. S. Fidelity & Guaranty Co., v. Highway Eng. & Construction Co., 51 Fed. (2nd) 894; Webb v. Scott, supra.

In Harwell v. Hillsborough County, 149 So. 547, 111 Fla. 361, this Court held under the circumstances there present that certificate holders might recover on quantum meruit against the county, see also Stranahan, Harris & Co., v. Hillsborough County, 18, So. 2nd 789, 154 Fla. 658.

Respondents admit that in cases where judgments are obtained on quantum meruit against the county, the Board is authorized to issue refunding bonds, or gasoline tax anticipation certificates in payment of such judgment.

From the foregoing it is evident that when originally issued, these certificates were not direct obligations of the county. The county merely collected the assessment from the property owner, and passed it on, when demand was made upon the county, to the "bearer" of the certificate.

After the decision in Harwell v. Hillsborough County, supra, the certificate holder could make his claim a direct and general obligation of the county by obtaining a judgment on quantum meruit, if the statute of limitations has not run.

The circumstances present here which did not exist in the prior cases are (1) the adoption in 1942 of Section 16 of

Article IX of the Constitution, (2) the designation of certain county roads of Hillsborough County (which include the road to which relator's certificate relate) as state roads by Chapters 20300, 20301, 20302, and 20303 of 1941.

Chapter 14486, Acts of 1929, now F.S. '41 344.1-22 F.S.A., created in the first instance the original "Board" to administer the tax funds to reimburse the several counties for the advancements for their roads taken over by the State and to assume the obligations of such counties on account of such roads.

Article IX, Section 16 of the Constitution provides that the funds of the Board are to be derived from the Second Gas Tax; that they are to be administered by the Board for the benefit of the several counties; and it also directs the application and disbursement of these county funds.

The Board of Administration is merely the fiscal agent of the county on matters of this nature (State v. Special Road and Bridge District No. 9 of Polk County, Florida, et al., 13 So. (2nd) 801, 153 Fla. 44), and cannot bind the county for any obligations for which the county is not itself bound. The extent to which the county is liable is not free of doubt. It is likewise as to property owners.

*Management of Counties' funds.* By Section 16 (b) of Article IX the Board is given the management, control and supervision of the counties' distributable portion of this two (2¢) cents gas tax and all other of the counties' assets applicable to "such bonds" as therein defined.

*Three Ratios of distribution to Counties.* Article IX, Section 16 (a) prescribes a formula for determining three ratios for distribution to the several counties of the 2¢ "Second Gas Tax" fund which Section provides that for 50 years the "Second Gas Tax" should be placed in the "State Road Distribution Fund" to be administered by the Board and distributed among the several counties after being divided in three equal parts; the distribution to the counties to be (1) one part according to area, (2) one part according to population, and (3) one part according to the ratio of contribution costs to the State roads as fixed by the certificates made pursuant to Chapter 15659, Acts 1931.

These (1), (2) and (3) items fix only the ratios of distribution and not the amounts of distribution or the application of amounts distributable.

The "bonds" as defined by this Section are referred to only in paragraphs (b) and (c) of said Section 16.

The pertinent provisions of paragraph (b) are:

"[Bonds defined] The word 'bonds' as used herein shall include bonds, time warrants, notes and other forms of indebtedness issued for road and bridge purposes by any county or special road and bridge district or other special taxing district, outstanding on July 1st, 1931, or any refunding issues thereof."

*Application of Funds.* Paragraph (c) of said Section 16 provides that the Board should use the funds of each county account, (first) to pay principal and interest on the "bonds" or fuel tax anticipation certificates of the County or district; (second) to establish a necessary sinking fund for such obligations; (third) that any remaining balance shall be remitted monthly, 80% to the State Road Department for construction and reconstruction of roads and bridges in the county and 20% to County Commissioners for use on roads and bridges in the county.

All determinations of road costs in Hillsborough County pursuant to any Acts of 1941 appear to be of present consequence since the Constitutional Amendment of 1942 (Art. IX, Section 16) now controls. All allocations of the Second Gas Tax fund since January 1st, 1943 must be according to the three ratios prescribed by this Section of the Constitution. It is likewise as to the application of the allocations.

Cost of county roads taken over by the State are pertinent *only* in calculating the *third* ratio and such costs are confined to those costs reflected by the certificates made pursuant to Section 8, Chapter 15659, Acts 1931.

This constitutional amendment fixed a levy of the "Second Gas Tax" of two (2¢) cents on sales; appropriated it for county purposes among the several counties; fixed the ratios of distribution and directed the manner of application.

The application of the county's portion of the fund seems not to be confined to "bonds" issued for roads designated as

State roads but they must have been issued prior to July 1st, 1931, and by a county, a special Road and Bridge District, or a special taxing district for road and bridge purposes. This constitutional amendment put an end to the necessity of local roads being designated as State roads in order to receive benefits of the "Second Gas Tax."

This amendment of 1942 also sterilized for fifty years the Acts of 1941 and all other acts when found in conflict with its measure of the portions distributable to the several counties of the application of the counties' portions.

The amendment was remedial in nature and should be liberally construed, but before a writ of mandamus will issue it must be made to appear that the act sought to be coerced must be positive and not permissive and that relator's rights must be clear and certain so as not to admit of any reasonable controversy.

The prototype of this constitutional amendment was Chapter 14486, Acts 1929, where the purpose, intent, and object was expressed and declared by its Section 20, which was carried forward as Section 344.20 F.S. 1941, F.S.A. as follows:

"It is not the purpose or intention of this Chapter or any part hereof to obligate the State of Florida, directly or indirectly or contingently, for the payment of the obligations of any counties or the obligations of any special road or bridge district, or that the state should assume the payment thereof; and this Chapter is not to be construed as obligating the State of Florida to the holders of said bonds to make any payment of the same, *nor shall such holders have any rights to enforce the appropriation of the moneys hereinabove provided for.* Appropriations are made specifically for the benefit of the taxpayers and property owners of the State of Florida and for the purpose of rendering assistance to the various state agencies which have already performed part of the functions resting upon the state, and this Chapter shall be subject to amendment, alteration or repeal at any time." (italics supplied)

A prime question is whether or not petitioner's claim comes within that class of claims to which the respondent is empowered and directed to apply its "Second Gas Tax" funds.

Is Hillsborough County's distributable share of the "Second Gas Tax" applicable to petitioner's claim according to Article IX, Sec. 16 (b)? Also, is the validity of relator's claim so clear and certain as not to admit of any reasonable controversy?

If Hillsborough County were seeking to compel the payment of the claim of relator by the respondent Board the situation might be somewhat changed, but this we do not attempt to decide.

It appears from our decisions concerning similar certificates of indebtedness issued under Chapter 10145 that there are or may be serious doubts of the validity of relator's claim. Furthermore, if relator has a claim, there are doubts as to the amount recoverable.

Even assuming that relator's certificates come within the definition of "bonds" as defined by the constitutional amendment, the extent of validity of relator's claim is not so clear and certain as not to admit of a reasonable controversy.

The respondent's motion to quash is granted and the respondent discharged and prior opinions withdrawn as to publication.

THOMAS, C.J., CHAPMAN, J. and FABISINSKI, Associate Justice, concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

PER CURIAM:

On consideration of Motion to Clarify our opinion and judgment of February 4th, 1947, the majority of the Court has concluded that it would serve a public interest to adjudicate whether or not relator's certificates issued under Chapter 10145 come within the class of obligation to which the proceeds of the "Second Gas Tax" are applicable by the State Board of Administration.

The "Bonds" to which the Board may apply such funds include "bonds" as defined in Section 16 (b) of Article IX of the Constitution, to-wit:

"(Bonds defined) The word 'bonds' as used herein shall include bonds, time warrants, notes and other forms of indebtedness issued for road and bridge purposes by any

county or special road and bridge district or other special taxing district, outstanding on July 1st, 1931, or any refunding issues thereof."

It is clear that these are certificates of indebtedness and were issued for road purposes and were issued by the county for a special taxing district for road purposes and that they were outstanding on July 1st, 1931, and are, therefore, within the class of obligations to which respondent might apply its funds. Of course, such authorized application contemplates application to the payment of valid certificates or payment to the extent of validity.

That the above statement is a correct enunciation is concurred in by Justices TERRELL, BUFORD, ADAMS and BARNS and is dissented to by Mr. Chief Justice THOMAS, Mr. Justice CHAPMAN and Mr. Associate Justice FABISINSKI. As to this point the view of the majority prevails and is, therefore, declared to be the law.

Justices TERRELL, BUFORD and ADAMS have the view that the above conclusion having been reached, it follows that under the pleadings before us in which no attempt is being made to have adjudicated any lien that may have been created by the issuance of the certificates, the motion to quash should be denied and the peremptory writ of mandamus should issue unless sufficient return be filed before a day to be named.

Mr. Justice BARNS has the view that a peremptory writ should not issue because the history of the litigation in this Court from 1930 to the present date with two such cases now pending over certificates issued under Chapter 10145 clearly shows relator's rights are not so clear and certain as to not admit of a reasonable controversy for reasons heretofore stated, and among other things, because it has not been determined that the benefits to the respective lands were substantially equal to the assessments.

Mr. Chief Justice THOMAS, Mr. Justice CHAPMAN and Mr. Associate Justice FABISINSKI hold the view that the certificates are not within the class of obligations to which the respondents may apply the indicated funds.

It further appears that to enable the settlement of such

certificates of indebtedness, the legislature in 1943, in order to promote the public's welfare in this regard, enacted Chapter 22204, Section 1 of which reads as follows:

"That the reduction, compromise and settlement of all State, County and District Taxes other than drainage taxes levied and assessed for the year 1942, or prior years, including unpaid taxes for any omitted year or years, against any and all lands situate in Hillsborough County, Florida, against which there are outstanding uncancelled paving certificates representing assessments under the provisions of Chapter 10145, Laws of Florida, Acts of 1925, shall be and are hereby authorized upon such terms and for such amounts as may be determined by the Board of County Commissioners of Hillsborough County, Florida, to be for the best interest of said county, by resolution adopted by and entered in the minutes of said Board."

In view of the foregoing conclusions taken in connection with our opinion, supra, and because of the lack of our facilities to take testimony, Mr. Justice TERRELL, Mr. Justice BUFORD, Mr. Justice ADAMS and Mr. Justice BARNS, constituting a majority of the Court, hold that our judgment of February 4th, 1947 is modified to read: The respondents should be discharged without prejudice to the relator to proceed in the Circuit Court as he may be advised.

So ordered.

TERRELL, BUFORD, ADAMS, BARNS, JJ., and FABISINSKI, Associate Justice, concur.

THOMAS, C.J., and CHAPMAN, J., being of the opinion that the bonds in question do not fall within the class of obligations contemplated in the constitution, adhere to the judgment of 4 February 1947.