McLANE, RALPPI M., Associate Judge.
We are confronted with a most voluminous record of twelve volumes, with many exhibits, which have been carefully examined inasmuch as the real point on appeal is the sufficiency of the evidence to sustain the decree of the chancellor.
The pleadings are extensive and complex. The Court consolidated a suit by Central and Southern Florida Flood Control District requesting declaratory decree against the appellees Zibe Williams and others referred to as the Williams Heirs and their lessee, Barber, with a suit by the Williams Heirs and Barber seeking an injunction and other relief against the Flood Control District. The Williams Heirs counterclaimed against the Flood Control District and crossclaimed against the appellants Baya. The Williams Heirs also sought affirmative relief against both the Flood Control District and Baya. The appellants Baya crossclaimed against the Williams Heirs seeking to enjoin the use of a certain roadway, the subject matter of this lengthy litigation. We are now concerned only with the portion of the final decree by which the appellants Baya were permanently enjoined from obstructing or interfering with the use of the road by the Williams Heirs since no appeal was taken from the other matters determined by the chancellor.
The chancellor found that: (1) The disputed road had been used by the general public for more than the prescriptive period; (2) A public road was established by common law dedication and acceptance by the public; and (3) That the facts and circumstances established a common law way of necessity. However, in the decretal portion of the decree the chancellor ad *847 judged and decreed that the road was a public way by reason of public use for more than the prescriptive period, making no further reference to his other two findings, that is to say, dedication and creation of a way of necessity.
A brief statement of the facts is in order. The disputed road runs southerly from State Road 70 in Highlands County traversing the lands of the appellants Baya in Sections 28 and 33, Township 37 South, Range 33 East, and continues into Section 4, Township 38 South, Range 33 East in Glades County terminating at the common boundary line of the Williams Heirs and Baya. At the northern terminus of the road, that is to say, where the same intersects State Road 70, there is a gate. At the southern terminus of the road a gate is swung in the fence dividing the Williams Heirs property and that of Baya, which fence was apparently built by Baya in 1953. Since the early 50’s, probably in 1951, Baya and other landowners have disputed concerning the status of the road, that is, whether it is public or private in nature. The use of the area is agricultural in nature by reason of cattle and farming operations.
The Williams Heirs acquired title to their property some years prior to the Bayas. Since Baya has owned his property the gate at the northern terminus of the road-where it intersects State Road 70 has been secured by a lock from time to time, which apparently was placed thereon by Baya and consented to by the Williams Heirs. The gate at the southern terminus of the road in question is locked at least part of the time. Hunters are discouraged from using the road and in recent years persons for the most part who travel the road are those having occasion to enter upon the various adjacent tracts of the land for business reasons.
The Chancellor found that from the time of the earliest settler in the area until about 1945 there was an old winding public road by usage, from what is presently State Road 70 to the lands now owned by the Williams Heirs, where it forked, one branch going to Venus and Arcadia and another to Fort Denaud; that in 1925, possibly in 1927, the present road was laid out and has been continuously used by “the general public” from the time of its construction to the date of the suit. He concluded that the road 'had been used by the general public for more than the prescriptive period, and that the Williams Heirs have since 1938 used the road adversely to Baya. It does not appear that the road in litigation follows the old road but it is in the same general area. For a period of time both roads were used until abandonment of the winding road.
In Downing v. Bird, Fla., 100 So.2d 57, the Supreme Court sets forth the test for the establishment of a public road by prescription, stating it was necessary to prove: (1) That the public had the continued and uninterrupted use or enjoyment of the lands for a roadway for more than twenty years, (2) The identity of the roadway, and (3) That the use or enjoyment was adverse or under a claim of right. The case also holds that any doubt as to the creation of the road must be resolved in favor of the owner over whose land the right is sought. The proof must be clear and positive.
Our duty is to determine whether or not there is substantial evidence to support the decree. (First National Bank & Trust Company of Eustis v. Boyd, Fla.App., 124 So.2d 27). The evidence shows that the appellees constructed the fence at the northern terminus of the road where it enters State Road 70, and that they at times participated in exclusion of the general public by maintaining a gate which was locked at least part of the time. Where the road enters the Williams Heirs property a gate was maintained which they attempted to keep locked but were only partially successful.
We are most reluctant to disagree with the chancellor but the proof to es *848 tablish an easement by prescription is not clear and definite. It appears the right to use the road was limited and that its character is private rather than public. Hillsborough County v. Highway Engineering & Construction Company, Inc., 1940, 145 Fla. 83, 199 So. 499. However, careful consideration of the record convinces us that the chancellor was correct in finding that a common law way of necessity exists in favor of the appellees. SEE: Walkup v. Becker, 1st Dist., Fla.App., 161 So.2d 893, 1964. We therefore reverse the cause with directions to the chancellor to enter a decree granting to the appel-lees a way of necessity across the lands of the appellants.
The other points on appeal are without substantial merit.
Reversed in part and affirmed in part.
SMITH, C. J., and ALLEN, J., concur.