LILES, Judge.
Appellants, plaintiffs below, bring this interlocutory appeal from an order of the chancellor striking portions' of plaintiffs’ second amended complaint.
The dispute involves a road traversing plaintiffs’ property and has been before this court several times in one form or another. In Baya v. Central & Southern Florida Flood Control District, 166 So.2d 846 (D.C.A.Fla.1964), this court held that the Williams heirs, appellees herein, had established a private prescriptive right 'in the disputed road. The cause was reversed and remanded to the court below for entry of the proper order. The chancellor en *676 tered such an order modifying his original decree pursuant to our mandate. That order was never appealed.
In Baya v. Central & Southern Florida Flood Control District, decided March 9, 1966, Fla.App., 184 So.2d 501, this court affirmed the chancellor’s denial of various post-decretal motions by plaintiffs regarding costs, the striking of certain phrases from the modified decree and an injunction to restrain the Williams heirs from interfering with any gate or lock maintained by plaintiffs.
The subject of the present interlocutory appeal is a subsequent suit filed by plaintiffs against the Williams heirs and others alleging unlawful and wilful extension and misuse of the road and seeking an injunction against them. The complaint also alleges facts which plaintiffs conclude amount to a forfeiture or abandonment of the easement by defendants because of alleged misuse. Among other things, the complaint alleges in Paragraph Three that the chancellor in modifying his original decree in 1964 failed to strike the words "together with existing ditches and shoulders” in describing defendants’ easement. The chancellor struck certain portions of the complaint including Paragraph Three -and those paragraphs relating to forfeiture and abandonment of the easement. Other portions of the complaint, including those seeking the injunction, were allowed to stand.
We are of the view that the chancellor’s action in striking the disputed sections of plaintiffs’ complaint was correct, and we affirm.
When this court reversed the prior cause, we instructed the chancellor to issue an order declaring the Williams heirs had established a private, as opposed to a public, prescriptive right in the road. We did not alter nor did we instruct the chancellor to alter the physical description of the easement. Plaintiffs took no appeal from the order as modified, and the description cannot therefore be collaterally attacked by this subsequent suit. The chancellor correctly struck those allegations claiming the prior description was incorrect.
The portion of plaintiffs’ complaint claiming a forfeiture of the easement was also properly stricken. While plaintiffs’ allegations are sufficient to state a claim for relief for misuse and, if proved, would entitle plaintiffs to an injunction and/or damages, they are not sufficient to establish an abandonment or forfeiture of the easement, even if proved true.
The remaining portions of the complaint which were stricken were repetitious, immaterial, and amounted to legal conclusions on the part of the pleader. These were properly subject to a motion to strike, and the chancellor did not err in so ruling.
No reversible error having been shown, the chancellor’s order is hereby affirmed.
ALLEN, C. J., and HOBSON, J., concur.