ALLEN, Judge.
The appellant, Leon County, challenges the denial of its claim for accrued interest on the constitutional gas tax proceeds addressed in Department of Revenue v. Leon County, 560 So.2d 318 (Fla. 1st DCA 1990). We held in Department of Revenue v. Leon County that the state had made an impermissible service charge deduction from the constitutional gas tax principal. We now hold that the interest earned in connection with this deduction may not be retained by the state, and should be remitted in accordance with the provisions of the constitution.
The constitutional gas tax is created by article XII, section 9, Florida Constitution (1968), which incorporates article IX, section 16, Florida Constitution (1885, as amended). Described therein as the “second gas tax,” and denominated as the “constitutional gas tax” in section 206.41, Florida Statutes, these proceeds are collected by the Department of Revenue (DOR) and placed in the Gas Tax Collection Trust Fund as provided by section 206.45, Florida Statutes, for eventual allocation and distribution by the State Board of Administration (the Board) on behalf of the various counties. Article IX, section 16, Florida Constitution (1885, as amended), provide,s an allocation formula and demarks the permissible use of such gas tax proceeds. Section 16(d) prohibits the legislature from authorizing any other use of these proceeds. State v. Florida State Improvement Comm’n, 160 Fla. 230, 34 So.2d 443 (1948).
Despite the suggestion in section 206.41(1), Florida Statutes, that the collected proceeds become state funds, the constitutional gas tax is.actually levied as a county tax which produces county funds. See Amos v. Mathews, 99 Fla. 1, 126 So. 308 (1930). Although the proceeds are initially placed in the Gas Tax Collection Trust Fund, DOR transmits these proceeds to the Board for allocation and distribution as provided by the constitution. See § 206.47(2); § 206.45(1), Fla.Stat. When effectuating its obligation in this regard, the Board acts as the fiscal agent of the counties. State ex rel. Hester v. State Board of Administration, 158 Fla. 567, 30 So.2d 356 (1947).
The present dispute began when DOR retained the section 215.20(1), Florida Statutes (1983), service charge for the state, and declined to transmit this portion of the constitutional gas tax proceeds to the Board. Leon County and the Board obtained a declaratory judgment prohibiting the service charge assessment upon the constitutional gas tax proceeds. On appeal in Department of Revenue v. Leon County, we emphasized that the *1217 constitutional gas tax proceeds can only be used in the manner specified by article IX, section 16, Florida Constitution (1885, as amended), and upheld the ruling that application of the service charge assessment to these proceeds would be unconstitutional.
DOR maintained the service charge in the Gas Tax Collection Trust Fund while the dispute as to this assessment remained pending. After this court upheld the declaratory judgment ruling, DOR transmitted the service charge principal to the Board for allocation and distribution. However, Leon County learned that during the six year interim these proceeds had been invested by the State Treasurer, with the earned interest being transferred to the state’s General Revenue Fund. Leon County and the Board then pursued supplemental relief under section 86.061, Florida Statutes, seeking recovery of the accrued interest.
The appellees, DOR and the Treasurer, contend that the investment was properly made for general revenue pursuant to section 18.10(4), Florida Statutes. However, this enactment excepts money made available for investment in accordance with section 18.125(3), Florida Statutes, in which event the earnings are to be credited to the fund from which the money was made available. Section 18.125(3)(a) directs each state agency charged with the administration of certain referenced funds (including the Gas Tax Collection Trust Fund) to make such money available for investment (subject to certain limitations not here involved) and to authorize investment by the Treasurer. No such authorization was given in the present case, and the lower court determined that DOR was not the responsible agency with regard to this statutory duty.
A review of chapter 206, Florida Statutes, and especially section 206.47(2) and section 206.45(1), indicates that DOR had authority and control over the Gas Tax Collection Trust Fund, including the constitutional gas tax proceeds prior to transmittal to the Board. DOR thus should have authorized investment of these proceeds in accordance with Section 18.125(3), so as to preserve the interest earnings with the remaining constitutional gas tax principal. This process would have obviated any uncertainty attending the ultimate disposition of the contested service charge, as the earned interest could thereby be distributed with the disputed principal in the manner eventually deemed appropriate. Given the holding in Department of Revenue v. Leon County, and in light of article IX, section 16, Florida Constitution (1885, as amended), and State v. Florida State Improvement Comm’n, any other disbursement of the earned interest may in itself be unconstitutional.
.In denying supplemental relief the lower court also suggested that Leon County and the Board should have taken some action at the commencement of the declaratory judgment proceeding to ensure the preservation of any investment earnings. However, Leon County and the Board were entitled to rely on the statutory process, which would have accomplished this end had it been properly implemented by DOR. And contrary to DOR’s further contention, recovery of the earnings which actually accrued is not an award of prejudgment interest. Rather, it recaptures the benefit of the state’s wrongful retention and use of the constitutional gas tax proceeds, so as to allow the allocation and distribution of these earnings in accordance with the constitutional methodology and purpose.
The appealed order is reversed and the case is remanded.*
LAWRENCE and DAVIS, JJ., concur.

 Subsequent to oral argument, Judge Benton determined that he should be recused. Judge Davis was assigned in his place and listened to the tapes of oral argument prior to joining in the court's decision.