THOMAS, Justice.
The appellee, City of Delray Beach, secured a final decree validating and confirming Water and Sewer Revenue Bonds in the principal amount of $500,000 bearing date of 1 December 1961, issued on a parity with $1,305,000 Water Revenue Certificates of 1 June 1957. The court found that the present bonds were fully authorized under the Constitution and Laws of Florida, and especially Chapter 184, Florida Statutes 1961, F.S.A., known as “Sanitary Sewer Financing Act of 1951.” .
In the basic resolution, adopted by the City Council, 6 November 1961, it was required that occupants of all property used for residential, commercial or industrial purposes and abutting on streets where sanitary sewers were accessible should connect the buildings with the sewers and should discontinue any other means of disposing of waste or polluted matter.
Embedded in the resolution was a schedule of charges, as was imperative under Sec. 184.09(1) (a), supra, where it is specified that the council of a city resorting to. the law must in the resolution authorizing such bonds set the “initial” schedule of charges for use of the facilities proposed.
The appellants insist that that part of the resolution dealing with this aspect of the-issue is so vague and ambiguous as to render it unlawful and, presumably, to infect the entire issue. The schedule of rates, described as “initial” and declared to be subject to such change from time to time as-, might be necessary to accomplish the main purpose of the resolution, was divided into, two classes “Residential Units” and “Commercial and Non-Commercial Units.” In the categories the rates varied according to the number of fixtures and the word “fixture” was defined.
It is appellants’ contention that in certain-instances when city authorities undertake to-. *498 impose charges, it will be difficult if not impossible to put the properties in question, such as duplexes, hotels, motels, and the like in their proper categories.
To illustrate their position the appellants point to diverse replies of the Manager and the City Clerk to the question as to how a ten-room hotel would be classified. The former said it should be designated “Commercial and Non-residential.” The latter thought it should be termed “Residential.” Doubtless, in this respect, many problems will be presented. As they arise they will be met and solved by the proper officials of the city.
It seems to us that it would be far-fetched to judge now the merits of proceedings for issuance of the'bonds to create and maintain a system for disposal of sewage by anticipating and considering what difficulties will be met in putting individual properties in one or the other of the classifications. Such an undertaking would obscure the axial consideration, namely, the protection of the health of persons in the community by improving sanitary conditions. Doubtless there will be problems to solve as the charges are levied. The possibility of difficulty in placing properties in one of the two classes will'not undermine the founding resolution. We assume that the city will so concentrate the duty of assessing costs for use of the sewer that there will be uniformity and the absence of the dilemma the appellants fear from a classification by “one official or clerk” and a different classification by another.
As is evident from the law itself, Section 184.09(1) (a), supra, the schedule set in the basic resolution is not static. This is obvious from the language used as the reference is to the establishment of an initial schedule. That the original rates were intended to be flexible is demonstrated by the wording that “after the system * * * shall have been in operation the council may revise such schedule of rates * * * from time to time.” (Emphasis supplied.) This authority is qualified by the provision that rates as fixed, or as revised, shall be sufficient to maintain the system and liquidate the indebtedness. The City Council has in the resolution repeated this provision for such revision of the schedule “from time to time * * * as may be necessary to carry out the requirements of [the] resolution
Our study of the record and briefs convinces us that the decree was quite proper so it is—
Affirmed.
ROBERTS, C. J., THORNAL and O’CONNELL, JJ., and MASON, Circuit Judge, concur.