**HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, v. MICHAEL O. BREGENZER, et ux., et al.**

10 So. (2nd) 498                              En Banc
November 10, 1942.

748

Charles F. Blake, John M. Allison and Tillman & Henderson, for petitioner Wm. C. McLean, for respondents.

WHITFIELD, J.:

This is an application for an interlocutory certiorari under Rules 27, 28 and 34, to review an order overruling motions to strike an answer and a cross-bill, made in an equity suit brought to enforce the payment of amounts that may be found to be legally due on special assessment ad valorem tax liens created for road construction in Hillsborough County, Florida, under Chapter 10140, Acts of 1925. An important question presented is whether Chapters 20300, 20301, 20302 and 20303, Acts of 1941, have so affected the special assessment liens as to prevent the collection of delinquent sums due thereon under Chapter 10140.

The purpose and intendments of Chapter 10140, Acts of 1925, are that when land owners duly petition for the construction of public roads in the area covered by the petition, the entire estimated expense of the road construction shall ultimately be paid by special tax assessments of ad valorem taxes on the lands of the petitioners, even though county bonds are issued upon certificates representing the liens of the special assessments upon the lands, the special assessment certificate liens as well as the taxing power of the county being pledged to secure the payment of the bonds. The lien of the special assessment certificates held by the county is not extinguished by payments on the bonds by the county; and the county cannot in law or otherwise release the lien of the certificates that are pledged to the payment of the bonds until the bonds are fully paid. See Chapters 14486,

Acts of 1929, and 15659, Acts of 1931; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; State v. Henderson, 130 Fla. 288, 177 So. 539, Howey Co. v. Williams, 142 Fla. 415, 195 So. 181.

Even if a statute may relieve the special assessment liens as against the county, it cannot in law do so until the bonds secured by the special assessments are fully satisfied or full payment satisfactorily provided for so as to be sufficient in law to release the *pledged liens* of the special assessment certificates.

The legislative enactments of 1941 above referred to are intended to continue the policy of Chapter 14486, Acts of 1929, and Chapter 15659, Acts of 1931, of paying ascertained amounts for the construction of public roads taken over by the State. The State has not assumed the payment of the county or the district public road bonds; and until such bonds are duly satisfied, statutes do not and can not release duly pledged special assessment certificate liens from the obligation of bonds issued under statutes of the State. The effect of the proposed constitutional amendment cannot now be considered on this record.

The authority of the county to collect delinquent tax liens in amounts due under special assessments pursuant to Chapter 10140 and to apply the collection to the bond payments, continues even though the county has refunded the bonds and the State is making contributions to a fund to pay duly ascertained amounts for the construction of public roads taken over by the State. Neither the special assessment liens nor the county bonds for the payment of which the special assessments are duly pledged, have been assumed by the State, and they are still outstanding

without being in law or otherwise so secured as to relieve the special assesment liens.

The present enforcement of the special assessment liens may, in view of the cited Acts of 1929, 1931 and 1941, and of the funds on hand for current payments, be deferred by the court on reasonable conditions, until the legislature can at the next session determine and perfect its purpose with reference to fully securing the payment or satisfaction of the bonds for which the special assessment ad valorem taxes are pledged, and as to other incidental matters. See 12 Am. Jur. p. 69; 16 C.J.S. p. 843. But the obligation of the bond contract cannot legally be substantially impaired in any way. Worthen Co. v. Kavanaugh, 295 U.S. 56, 55 Sup. Ct. 555, 79 L. Ed. 1298, 97 A.L.R. 905.

The following principles of law are applicable in this case:

"The obligation of a contract is not impaired by a law modifying the remedy for its enforcement but not so as to impair substantial rights secured by the contract.

"The contract clause must be construed in harmony with the reserved power of the State to safeguard the vital interests of her people. Reservation of such essential sovereign power is read into contracts.

"Economic conditions may arise in which a temporary restraint of enforcement of contracts will be consistent with the spirit and purpose of the contract clause, and thus be within the range of the reserved power of the State to protect the vital interests of the community. Marcus Brown Co. v. Feldman, 256 U.S. 170; Block v. Hirsh, id. 135.

"Whether the emergency still exists upon which the continued operation of the law depends, is always open to judicial inquiry.

"The great clauses of the Constitution must be considered in the light of our whole experience, and not merely as they would be interpreted by its framers in the conditions and with the outlook of their time." Headnotes 6, 8, 11, 12, 13, Home Bldg. & L. Assn. v. Blaisdell, 290 U.S. 398, 54 Sup. Ct. 231, 78 L. Ed. 413, 88 A.L.R. 1481.

Certiorari granted and the order quashed without prejudice.

It is so ordered.

BROWN, C. J., TERRELL, BUFORD and CHAP-MAN, JJ., concur.

THOMAS and ADAMS, JJ., agree to conclusion .