STATE OF FLORIDA ex rel. D. A. HESTER, v. STATE BOARD OF ADMINISTRATION, a body corporate under the laws of the State of Florida.

23 So. (2nd) 521                                    June Term, 1945
October 12, 1945                                         Division A

*Robert J. Pleus, Joseph P. Lea, Jr.,* for relator.

*John Wiggington,* for respondent.

*Tillman & Henderson,* as amicus curiae.

TERRELL, J.:

At the instance of D. A. Hester, the Relator, alternative writ of Mandamus was directed to State Board of Administration commanding it to list certain paving certificates issued by the Board of County Commissioners of Hillsborough County in 1926 and 1927 for the construction of roads and streets in the manner provided by Chapter 10,145, Acts of 1925, and to permit said certificates to participate in funds derived from two cent gas tax set aside by Section 16, Article 9, of the Constitution.

A motion to quash the alternative writ raises the question of whether or not the Board of Administration can be required to list said certificates in the manner sought and liquidate them with the proceeds of the gasoline funds accumulated under Section 16, Article 9, of the Constitution and pertinent Acts of the Legislature.

The first phase of this question requires an affirmative answer, in support of which we deem it sufficient to cite State ex rel. DuPont Ball, Inc., a corporation, Relator, v. David Sholtz, et al., respondent, 112 Fla. 592, 152 So. 731.

The second phase is as conclusively answered in the affirmative by former decisions of this Court and by pertinent Statutes affecting the certificates in question. The theory of this Court as to paying certificates issued under Chapter 10,145, Acts of 1925, was expressed in Harwell v. Hillsborough County, 111 Fla. 361, 149 So. 547, as follows:

"A majority of the court hold that under the authorities hereinafter cited where a county enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms, and the county has acknowledged its indebtedness under the contract by issuing its certificates of indebtedness to pay for the work done and material furnished, and is actually enjoying the fruits of the contractor's expenditures for labor and materials, which expenditures were made in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a quantum meruit basis for the value of the work done and materials furnished to and accepted by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work under the express contract."

This principle was also recognized in Gulf Life Insurance Co. v. Hillsborough County, 129 Fla. 98, 176 So. 72, Stranahan, Harris & Co., v. Hillsborough County, Fla. 18 So. (2nd) 789, and other cases. Section 18, Chapter 14,486, Acts of 1929, among other things provides that "All bonds isued by counties or otherwise that are payable out of the proceeds of special assessments levied upon an abutting property shall not participate unless such bonds were issued for the purpose of building or constructing a road or highway which has been designated as a State road or highway."

The terms of Section 18 would seem to conclude the question but a study of Chapter 15,659, Acts of 1931, Section 16, Article 9, of the Constitution and Acts passed at the 1941 Session of the Legislature, (Chapter 20,659, Chapter 20,300, Chapter 20,301, Chapter 20,302, Chapter 20,303, Chapter 20,648), are even more conclusive. See also Hillsborough County v. Bregenzer, 151 Fla. 747, 10 So. (2nd) 498, and State v. Special Road and Bridge District No. 9 of Polk County, 153 Fla. 44, 13 So. (2nd) 801, the latter having reference to scope and effect of Section 16, Article 9, of the Constitution as related to the point here.

But Respondent contends that the Board of Administration is not authorized to assume responsibility for claims against the County unless they are predicated on a County wide obligation and even then it must be shown that the County has been given credit out of the gasoline tax fund to pay for the roads for which payment is demanded.

This was not the theory on which the Harwell case or any of the other cases previously cited in this opinion was decided. The obligation may be that of the County or a special taxing district. The gist of the test to determine their payment is whether or not the County entered into the contract, whether or not the contract was authorized by law and was performed according to terms, that certificates have been issued in payment therefor and that the County is actually enjoying the fruits of the contractor's expenditures for labor and material made in good faith in reliance on the contract. Section 18 of Chapter 14,486, Acts of 1929, also contemplates that the road or highway has been incorporated in the State road system.

The allegations of the alternative writ show that the certificates in question meet the test as stated. One familiar with the historical background prompting the Statutes, Decisions and constitutional provisions referred to herein could hardly reach a different conclusion. It accords with equity so the motion to quash is overruled.

It is so ordered.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.