THE BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA and SPECIAL TAX SCHOOL DISTRICT NO. 7, v. THE STATE OF FLORIDA.

24 So. (2nd) 105                                    June Term, 1945
December 21, 1945                                   Division A

*John J. Lindsey,* for appellants.

*J. Tom Watson,* Attorney General, *Sumter Leitner,* Assistant Attorney General, and *Glenn C. Mincer,* State Attorney, for appellee.

TERRELL, J.:

In May 1942 an election was held in Special Tax School District No. 7, of Dade County to approve a bond issue for public school purposes. It is admitted that the resolution providing for the election, the notice thereof, the affirmative

vote of the freeholders approving the same and all things essential to the calling and holding of the election were duly complied with. It is also shown that the bonds were regularly validated by decree of the Circuit Court and that the legislature of 1943 enacted Chapter 22244, ratifying and approving all acts done in connection with their issue.

War exigencies immediately intervened and none of the bonds were in fact issued and sold. It was later discovered that error was committed in the resolution authorizing the election for the bonds in that it was provided that two of the installments be in a sum less than three percent of the total principal of the issue as directed by Section 17, Article 12 of the Constitution, in other words it was proposed that the installment of bonds payable in May 1971 and May 1972 be in the sum of $4,000.00 each when it was intended that the installment for May 1971 be in the sum of $5,000.00 and the installment for May 1972 be in the sum of $3,000.00.

A petition was filed in the Circuit Court calling attention to this error and praying that petitioners be permitted to correct the resolution to conform to its purpose and the requirement of the Constitution. The court found that the allegations of the petition were true, that no tax payer had complained or would be hurt by granting the relief sought, but that the resolution was jurisdictional and being so he was powerless to grant the relief prayed for. This appeal was prosecuted from that decree.

We think the chancellor was in error. It is admitted that all things essential to the validity of the bonds was complied with except the inadvertance pointed out in the resolution. We think petitioners should have been permitted to correct this error because it was shown to have been a mere oversight, it did not effect the maturity and payment of the original issue of bonds as approved by the freeholders, no one would be hurt by permitting the correction and no one interested complained though ample opportunity was given to do so. This court and the Supreme Court of the United States have held that the citizen may waive a constitutional right made for his benefit. In the case at bar the error complained of was not only waived but it was shown by the

record and the chancellor's decree to have been harmless. Extra delay, burden and expense should not be required to correct a harmless error.

The judgment is accordingly reversed with directions to permit the amendment as prayed for in the petition.

Reversed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.