H. D. FLETCHER, a Tax Payer of Gadsden County, Florida, v. BOARD OF PUBLIC INSTRUCTION OF GADSDEN COUNTY, FLORIDA, FOR AND ON BEHALF OF SPECIAL TAX SCHOOL DISTRICT NO. 5 OF GADSDEN COUNTY, FLORIDA.

35 So. (2nd) 121                                    January Term, 1948
May 4, 1948                                                   Division A

A. M. Towles, for appellant.

D. M. Johnson, for appellee.

TERRELL, J.:

This appeal is from a final decree validating a bond issue proposed by Special Tax School District No. 5, of Gadsden County, for the purpose of constructing and equipping a gymnasium and a bandroom. It is shown that the bonds were approved by a majority vote of the freeholders of the district in an election called and held as required by Section 6, Article IX of the Constitution. The appellant, H. D. Fletcher, a tax payer in the district, was permitted to intervene and became a party to the validation proceedings. He filed an answer in which he challenges the validity of the bonds for grounds which we shall now discuss.

He first contends that the resolution of the Board of Public Instruction calling the election to approve issuing the bonds inadvertently provided that two of the annual payment installments be in sums less than three per cent of the total issue and that this error could not be subsequently corrected to conform to the requirements of the constitution.

Section 17, of Article XIII of the Constitution requires that each annual installment of bonds of the kind in question "shall be not less than three per cent of the total amount of the issue." The amended resolution changed the annual installments maturing January 1, 1966 and January 1, 1967,

from $1000. each to $1500. each to meet the requirement of the constitution. The resolution and the validating decree were seasonably amended to conform to this change. The fact that these things were done after the approving vote of the freeholders was not material. The approving vote of the freeholders was for the purpose of consenting to the total issue. The matter of fixing the schedule of maturities as required by the constitution was for the Board of Public Instruction and could be done at any time before the bonds were sold. Board of Public Instruction of Dade County et al. v. State, 156 Fla. 719, 24 So. (2nd) 105; State v. Board of Public Instruction of Hillsborough County, 158 Fla. 412, 28 So. (2nd) 865.

It is next contended that the bonds in question cannot be lawfully delivered to the purchaser after January 1, 1948, because Special Tax School District No. 5 which issued them was on that date consolidated with Special Tax School District No. 1, embracing all of Gadsden County.

There is no merit to this contention. Section 230.34, Florida Statutes 1941, authorizes the consolidation of special tax school districts. The legislature of 1947 amended this act to provide that after January 1, 1948, all special Tax School Districts in each county including territory not previously within them, shall be consolidated in one school district to be known as Special Tax School District No. 1, the boundaries thereof to coincide with those of the county. This act also provides that obligations incurred prior to consolidation remain the obligation of the area which incurred it.

The bonds in question were issued and validated prior to January 1, 1948, by special tax school district, No. 5, so the date of their delivery makes no difference. They were the obligation of the District that issued them. State v. Orange County, 153 Fla. 43, 13 So. (2nd) 805, and State v. Special Road and Bridge District No. 9, Polk County, Florida, 153 Fla. 44, 13 So. (2nd) 801, are persuasive but not directly in point.

The validating decree was free from error and is affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.