THOMAS, Justice.
On -1 January 192S bonds of Special Tax School District No. 12 of Sumter County were issued and on' 10 March 1953 the bonds were reduced to judgment on which a payment was later made leaving an unpaid balance amounting to approximately $48,000. Meanwhile, on 1 January 1948, all school districts in the county became consolidated into, one school district known as “‘Special Tax School Distinct Number V” by virtue of Chapter 23726, Laws of Florida, Acts of 1947, Sec. 230.34, Florida Statutes 1953, and F.S.A. By Sec. 12(2) of the act any debt o-f a special tax school district incurred before the consolidation remained the debt “of the area which incurred the obligation * *
The board of public instruction on behalf of the original tax school district-debtor adopted a resolution, 6 September 1955, providing for the issuance of bonds to refund the remainder of the debt.
The circuit judge decided that the original district existed for the purpose of refunding the debt,- and that the obligation continued to be that of the aréa.' In this connection it is well to refer to another part of Sec. 12(2) of the 'act in which it was provided that consolidation should “in nowise impair the security of any bonds * *■ *- outstanding at the time of the consolidation,” and imposed a duty on the county board to see that the obligations of. each district were discharged. •
The lone question is the authority of the board to issue, on behalf of the old district, bonds to refund the remainder of the debt of that district which was assumed *653 before the consolidation.' The state attorney contends that the consolidation destroyed all original tax school districts “for all purposes” and that inasmuch as .the district issuing the bonds has ceased to exist, no refunding bonds can be issued’in its behalf.
By the act, the tax school districts were merged into one with boundaries coinciding with the limits of the county but the districts did not lose their identity for all purposes. Their identity was expressly retained to insure the security of obligations contracted beforehand and the board was enjoined to see that the debts were paid. So, for the purpose of repayment of the money borrowed against the territory in the debtor-district that district survived, or, • at least, its area continued to be subject to its debts.
A similar situation was considered in the case of Fletcher v. Board of Public Instruction of Gadsden County, 160 Fla. 428, 35 So.2d 121. We held in that case that bonds issued by a district and validated before consolidation cotild be delivered afterward.
We decide in the present cáse that the board in providing for refunding the debt was simply obeying the mandate to “see that the obligations” were paid. We cannot give this language the narrow interpretation that in discharging the duty the board is restricted to payment in cash instead of issuing refunding bonds.
The board is doing what it could have done had there been no consolidation, and is doing what it was commanded to do in-the very act requiring consolidation. ‘
The decree validating the bonds is—
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.