SHARP, Judge.
Strange appeals from an order of the School Board of Citrus County which suspended her without pay from her continuing contract of employment as a teacher. We have jurisdiction. Art. V, § 4(b)(1) Fla. Const.; § 120.68, Fla.Stat. (1983). Her points on appeal are that she was not notified as to the specific grounds for the suspension, prior to an informal hearing before the Board, at which it adopted the Superintendent’s recommendations to suspend her; and that the reasons for which the Board suspended her (misconduct in office and willful neglect of duty) were different from the ones contained in the Superintendent’s letter which notified her of the informal hearing. We affirm.
The record establishes that in August of 1983, the Superintendent of Schools for Citrus County learned that the State Commissioner of Education had found probable cause to seek the revocation or suspension of appellant’s teaching certificate. Based on this occurrence, he notified Strange of that fact by letter dated August 19, 1983, and he suspended her immediately with pay. The letter stated that at the next regularly scheduled School Board meeting on August 23, 1982, he would ask the Board to suspend her without pay. He also said in the letter that at the informal hearing, she could request a formal hearing on the suspension charges.
At the informal hearing, Strange and her attorney were given an opportunity to address the Board. The Superintendent explained in more detail the reasons for his recommendation. It was based on improper record keeping and forging signatures on documents within her classroom and administrative responsibilities. He said that her conduct constituted “misconduct in office” and “willful neglect of duty.”
The attorney for Strange said that he intended to request a formal hearing on the charges, and the attorney for the Board said that if a formal hearing was requested within fifteen days, he would recommend it. Thereafter, the Board voted to suspend Strange without pay. An original undated order was entered presumably shortly thereafter; a duplicate order dated January 10, 1981 which is the subject of this appeal, was also executed by the Board. However, neither Strange nor her attorney requested a formal hearing on the charges for which she was suspended.
It is clear that a Superintendent may suspend a tenured teacher “during emergencies for a period extending to and *92 including the day of the next regular or special meeting of the school board....” § 230.33(7)(e), Fla.Stat. (1983). The suspension should be with pay, as it was in this case. Johnson v. School Board of Palm Beach, 403 So.2d 520 (Fla. 1st DCA 1981). And further, the reasons for the suspension of a tenured teacher must be one or more of the reasons stated in section 231.36(4)(c), Florida Statutes (1983), which includes misconduct in office and willful neglect of duty.
Section 231.36(4)(c) provides:
(c) Any member of the district administrative or supervisory staff and any member of the instructional staff, including any principal, who is under continuing contract may be suspended or dismissed at any time during the school year; however, the charges against him must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude. Whenever such charges are made against any such employee of the school board, the school board may suspend such person without pay; but, if the charges are not sustained, he shall be immediately reinstated, and his back salary shall be paid. In cases of suspension by the school board or by the superintendent, the school board shall determine upon the evidence submitted whether the charges have been sustained and, if the charges are sustained, shall determine either to dismiss the employee or fix the terms under which he may be reinstated. If such charges are sustained by a majority vote of the full membership of the school board and such employee is discharged, his contract of employment shall be thereby canceled. Any such decision adverse to the employee may be appealed by the employee pursuant to s. 120.68, provided such appeal is filed within 30 days after the decision of the school board.
This section appears to contemplate the Board will hold a hearing to allow it to determine upon the evidence whether the charges have been sustained, even though there may be no constitutional due process requirement to hold one. Johnson. Admittedly, no direct evidence concerning the grounds for appellants’ suspension was presented in this case to the Board.
However, we are reluctant to reverse the order appealed in this case. The charges in the Superintendent’s initial letter were impermissibly vague, but at the informal hearing, they were adequately explained, and had Strange requested more details and a continuance to investigate them, she would have been entitled to such relief. But she did not make that request. Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1969).
Further, at the informal hearing Strange was clearly offered the right to a formal hearing on the charges. She accepted this offer, but she never followed through with the request that it be held. We conclude in the light of this record, that appellant waived any right to a hearing on the charges for her suspension. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Board of Public Instruction of Dade County v. State, 156 Fla. 719, 24 So.2d 105 (1945); Barbon-Zurita v. State, 415 So.2d 824 (Fla. 3rd DCA 1982).
AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.