PER CURIAM.
At issue is whether a county school board has the discretionary authority to award attorney’s fees and costs to an employee who prevails in an administrative proceeding. We hold that the board does have such discretion and reverse the board’s holding to the contrary.
Under the provisions of Section 230.03(2), Florida Statutes (1985) a school board has full governmental authority and “may exercise any power except as expressly prohibited by the State Constitution or general law.” That authority, in our view, includes the authority to reimburse employees for attorney’s fees and costs in instances deemed appropriate.
We reject the school board’s assertion that Section 230.234, Florida Statutes (1985), which was enacted before the current provisions of section 230.03(2) became law, bars such a policy. Section 230.234 was enacted at a time when the school board had limited powers and a specific legislative authorization was necessary to provide for legal services to employees. This section specifically authorized fees for employees who were “charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities.” Such a grant of authority is unnecessary under the current provisions of section 230.03(2), and the existence of such a specific grant does not bar the award of fees in other appropriate situations. Our holding should not be construed as mandating an award of fees. Rather, we are holding that the board possesses the authority to award fees.
DOWNEY and ANSTEAD, JJ., and WILLIS, BEN C., Associate Judge (Retired), concur.