RYDER, Acting Chief Judge.
The School Board of Collier County, Florida challenges the finding of the hearing officer that its rule R-18/81 was an invalid delegation of authority. We reverse.
In 1981, the School Board adopted rule R-18/81 entitled “Suspension by Superintendent.” This rule delegates authority for employee suspension without pay to the superintendent under certain circumstances for up to three days. In 1989, appellees brought a petition for determination of the validity of the rule on behalf of their respective members affected by the rule as employees of the School Board. The hearing officer, relying on Johnson v. School Board of Palm Beach County, 403 So.2d 520 (Fla. 1st DCA 1981), held that the School Board adopted a rule which was an “invalid exercise of delegated legislative authority as defined in section 120.52(8)(c), Florida Statutes.”
While a challenge to this rule under section 230.03(2), Florida Statutes, prior to 1983 may have been sustainable, we do not address this issue as it is not before us. After the 1983 amendment to section 230.-03(2), Florida Statutes, it is obvious that the legislature intended to extend the ability of school boards to delegate to a superintendent the authority to exercise discretion as set forth in this rule. Except for the “without pay” portion of the rule, we see very little change in the duties the superintendent exercised before this rule and his duties under the rule presently.
Because we have found no statute, nor have appellees brought to our attention any statute which “expressly prohibits” the School Board from delegating this authority to the superintendent, we find it not to be an invalid delegation of authority. Although there are statutes which specifically grant powers to the School Board and superintendent regarding suspension of employees, see §§ 230.23(5)(f), 230.33(7)(e), 231.36(6), Florida Statutes (1987), these cannot be construed to limit a school board’s power under section 230.03(2) after 1983. The specific grant of authority does not prevent a school board from delegating authority which is not expressly prohibited. Sulcer v. McFatter, 497 So.2d 1349 (Fla. 4th DCA 1986).
We find the other points raised on appeal to be without merit. The case is reversed and remanded for the entry of an order consistent with this opinion.
Reversed and remanded.
SCHOONOVER and PARKER, JJ., concur.