Ms. Maureen George Escambia County School Board Attorney Post Office Box 1470 Pensacola, Florida 32597
Dear Ms. George:
As attorney to the School Board of Escambia County, you have asked for my opinion on substantially the following questions:
1. Is the School Board of Escambia County authorized to create a risk management program for self-insurance purposes?
2. If the answer to question one is in the affirmative, who may manage such a program?
In sum:
Pursuant to section 230.23(10)(l), Florida Statutes, the School Board of Escambia County may enter into risk management programs managed by the district school board, by a school-related association, by an insurance company, or by any combination thereof.
Your questions are related and will be discussed together.
Section 230.03, Florida Statutes, makes provision for the management, control, operation, administration, and supervision of district school systems. As provided therein:
"In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law."[1]
This office since 1983 has taken the position that school boards possess a variant of "home-rule power," and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the Florida Constitution or general law.[2]
Section 230.23(10)(l), Florida Statutes, authorizes school boards to:
"Provide for adequate protection against any loss or damage to school property or loss resulting from any liability for which the board or its officers, agents, or employees may be responsible under law. In fulfilling this responsibility, the board is authorized and empowered to purchase insurance, to be self-insured, to enter into risk management programs managed by district school boards, school-related associations, or insurance companies, or to have any combination thereof in any area to the extent the board is either authorized or required by law to contract for insurance. Any risk management program entered into pursuant to this subsection shall provide for strict accountability of all funds to the member school boards and an annual audit by an independent certified public accountant of all receipts and disbursements."
Clearly, then, school boards are authorized to self-insure and enter into risk management programs in any area and to the extent that the board may be authorized to contract for insurance.
You have also asked who may administer such a program. The statute specifically recognizes that "district school boards, school-related associations, or insurance companies, or . . . any combination thereof" may undertake the management of these insurance programs. With regard to the authority of the school board to delegate its authority to manage such a program, Florida case law may provide some direction.
In School Board of Collier County v. Florida Teaching ProfessionNational Education Association,[3] the school board challenged the finding of a hearing officer that an administrative rule of the board was an invalid delegation of authority. The school board had adopted a rule delegating to the superintendent the authority for employee suspension without pay under certain circumstances for up to three days. The Florida Teaching Profession/National Education Association and others brought a petition for determination of the validity of the rule on behalf of their members who had been affected by the rule as employees of the school board. A hearing officer determined that the school board had adopted a rule that was an invalid exercise of delegated authority.
The Second District Court of Appeal discussed the home rule powers of school boards and stated that:
"Because we have found no statute, nor have appellees brought to our attention any statute which "expressly prohibits" the School Board from delegating this authority to the superintendent, we find it not to be an invalid delegation of authority. Although there are statutes which specifically grant powers to the School Board and superintendent regarding suspension of employees (citations omitted), these cannot be construed to limit a school board's power under section 230.03(2) after 1983. The specific grant of authority does not prevent a school board from delegating authority which is not expressly prohibited."[4]
Thus, in the absence of any statutory prohibition of the delegation of this managerial responsibility, I cannot say that the statutory direction that these programs be managed by "district school boards, school-related associations, or insurance companies," acts as a limitation to the school board's delegation of this responsibility.
However, whether such an arrangement satisfies the legal requirements for establishment of a trust is a question beyond the scope of this office's authority. Resolution of this question would require the consideration of mixed questions of law and fact that this office is not statutorily authorized to undertake.[5]
In sum, it is my opinion that, pursuant to section 230.23(10)(l), Florida Statutes, the School Board of Escambia County may enter into self-insurance or risk management programs managed by the district school board, by a school-related association, by an insurance company, or by any combination thereof. In light of Florida case law, it appears that the school board's authority to manage such a program may be delegated absent any express statutory prohibition against such action.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 230.03(2), Fla. Stat.
[2] See, Ops. Att'y Gen. Fla. 83-72 (1983), 84-58 (1984), 84-95 (1984), and 86-45 (1986).
[3] 559 So.2d 1197 (Fla. 2d DCA 1990).
[4] Id. at 1198. And see, Sulcer v. McFatter, 497 So.2d 1349
(Fla. 4th DCA 1986) ("Under the provisions of Section 230.03[2], Florida Statutes [1985] a school board has full governmental authority and `may exercise any power except as expressly prohibited by the State Constitution or general law.'")
[5] See, s. 16.01(3), Fla. Stat.