NIMMONS, Judge.
This appeal presents the question of whether the trial court correctly held that Chapter 83-339, Laws of Florida, is unconstitutional insofar as it provides for a deduction of a six percent service charge from the Gas Tax Collection Trust Fund. We agree with the trial court that the Florida Constitution prohibits this deduction.
Pursuant to Article IX, Section 16, 1885 Florida Constitution as amended, Article XII, Section 9, 1968 Florida Constitution as amended, and Section 206.41, Florida Statutes (1983), the state imposes upon the sale of motor fuel a two cent per gallon tax (the constitutional gas tax). The proceeds are placed in the Gas Tax Collection Trust Fund and administered by the State Board of Administration.[1] Section 16 prescribes a formula for the allocation of the tax proceeds among the counties, and provides that the proceeds shall be used for the servicing of bonds and for the construction and maintenance of roads and bridges within the respective counties. Section 16(d) prohibits the use by the legislature of the proceeds for any other purpose. See State v. Florida State Improvement Commission, 160 Fla. 230, 34 So.2d 443, 449 (1948). Section 215.20(1), Florida Statutes (1983) provides in part:
A service charge of 6 percent, representing the estimated pro rata share of the cost of general government paid from the General Revenue Fund, shall be deducted from the moneys and trust funds enumerated in s. 215.22.
The funds subject to this service charge are listed in Section 215.22, and Chapter 83-339 amends Section 215.22 to add the Gas Tax Collection Trust Fund to the list. Appellee brought suit for declaratory judgment, asserting that the application of Sections 215.20 and 215.22 to the constitutional gas tax proceeds violates the Florida Constitution. The parties agree that Section 16(d) of the 1885 Constitution prohibits deduction of such a charge. The issue is whether the 1968 Constitution authorizes the deduction.
The 1968 Constitution retains the constitutional gas tax but changes the formula for allocation to the counties. The old formula was retained for the purpose of securing preexisting obligations. Section 9(c)(2) states:
Article IX, Section 16, of the Constitution of 1885, as amended, is adopted by this reference as a part of this revision as completely as though incorporated *320 herein verbatim for the purpose of providing that after the effective date of this revision the proceeds of the “second gas tax” as referred to therein shall be allocated among the several counties in accordance with the formula stated therein to the extent necessary to comply with all obligations to or for the benefit of holders of bonds, revenue certificates and tax anticipation certificates or any refundings thereof secured by any portion of the “second gas tax.”
Section 9(c)(4) states:
Subject to the requirements of paragraph (2) of this subsection and after ;payment of administrative expenses, the “second gas tax” shall be allocated to the account of each of the several counties in the amounts to be determined as follows:
[[Image here]]
If the annual debt service requirements of any obligations issued for any county, including any deficiencies for pri- or years, secured under paragraph (2) of this subsection, exceeds the amount which would be allocated to that county under the formula set out in this paragraph, the amounts allocated to other counties shall be reduced proportionately. (e.s.)
Appellant submits that the above reference to “administrative expenses” authorizes the deduction of the charge for the administrative expenses of general government. The trial court’s final order held that “[t]he term administrative expenses ... is intended to be specifically limited to the expenses of the State Board of Administration as set forth in Section 16(d) of Article IX, 1885 Florida Constitution.”[2]
Appellant argues that the trial court’s construction renders the term “administrative expenses” redundant and superfluous, since Article IX, Section 16 of the 1885 Constitution already provides for the payment of the Board’s administrative expenses as follows:
The board shall pay refunding expenses and other expenses for services rendered specifically for, or which are properly chargeable to, the account of any county from funds distributed to such county; but general expenses of the board for services rendered all the counties alike shall be prorated among them and paid out of said funds on the same basis said tax proceeds are distributed among the several counties....
In Gallant v. Stephens, 358 So.2d 536, 540 (Fla.1978), the Florida Supreme Court reiterated that:
In matters of constitutional interpretation, the Legislature’s view of its authority is highly persuasive. “Where a constitutional provision may well have several meanings, it is a fundamental rule of constitutional construction that, if the Legislature has by statute adopted one, its action in this respect is well-nigh, if not completely, controlling.” Quoting Greater Loretta Improvement Association v. State ex. rel. Boone, 234 So.2d 665, 669 (Fla.1969).
Recognizing the substantial deference to which the legislative enactment is entitled, we nevertheless find that the 1968 Constitution as amended cannot be read as abolishing the prohibition expressed in the 1885 Constitution and incorporated into the more recent document. Provisions of the Florida Constitution are to be construed so as to effectuate the intent of the framers and the people. Gallant at 539. The framers of the 1968 Constitution incorporated Article IX, Section 16 of the 1885 Constitution and clearly stated that in certain respects, e.g., the method of allocation to the counties, the constitutional scheme was to be changed. There is no clear statement, however, that the long-standing limitation upon the use of constitutional gas tax revenue has been discarded. The general term “administrative expenses” cannot be read to override the specific language of prohibition found in the 1885 Constitution.
*321 Rather, it is clear that Section 9(c)(4) is meant as a clarification of how gas tax funds are to be expended under the new formula. Section 9(c)(4), in conjunction with Section 9(c)(2), simply establishes that the new formula for allocation of gas tax proceeds to the counties is to be employed after payment of the Board’s administrative expenses and subject to the directive in subsection (2) that the old formula is to be employed to the extent necessary. This is not redundant to the provision found in Subsection 16 of the 1885 Constitution, which prescribed the schedule for payment of the Board’s expenses under the old formula. It follows that the trial court correctly held that Ch. 83-339(1) is partially unconstitutional.
AFFIRMED.
BARFIELD and MINER, JJ., concur.

. This tax, referred to in the Constitution as the "second gas tax,” is designated the "constitutional gas tax” in Section 206.41, the implementing legislation. Section 206.45 provides for deposit of gas tax proceeds into the Gas Tax Collection Trust Fund.

. Appellee also asserted that the deduction impairs the security of the bonds issued prior to 1968, thus violating impairment of contract provisions of the federal and state constitutions. The trial court declined to reach this issue, and we agree with the trial court that the question is rendered moot by resolution of the first issue.